STATE, RESPONDENT, *v.* KNILANS, APPELLANT.

(No. 5,335.)

(Submitted October 29, 1923. Decided November 9, 1923.)

[220 Pac. 91.]

*Intoxicating Liquors—Unlawful Possession and Sale—Information—Dismissal—Amendment—Once in Jeopardy—Variance—Bills of Particulars—Evidence—Admissibility—Limitations—Absence of Defendant from State—Burden of Proof—Circumstantial Evidence—Appeal and Error—Moot Questions.*

Criminal Law—Information—Dismissal—Amendment—Appeal and Error—Moot Questions.
1. Upon the filing of a new information in lieu of one which had been dismissed, the latter became *functus officio* and alleged error in overruling a demurrer to it presents a moot question which will not be considered on appeal.

Intoxicating Liquors—Unlawful Possession and Sale—Kind, Place of Sale, Name of Purchaser—Information.
2. The information in a prosecution for the unlawful sale and possession of intoxicating liquor need not allege the kind of liquor possessed or sold, the place where possessed or sold, or the name of the person to whom sold, section 11111, Revised Codes of 1921, specifically relieving the pleader from the necessity of alleging any of those facts.

Same—Information—Controlling Statute.
3. *Held,* that section 14, Chapter 143, Laws of 1917 (sec. 11111, Rev. Codes 1921), relieving the state from pleading certain facts in a prosecution under the Prohibition Act, was neither specifically nor in effect repealed by Chapter 9, Extraordinary Session Laws of 1921, section 31 of the latter Act with reference to rules of pleading in such cases (sec. 11078, Rev. Codes 1921) not being in conflict with the former section, and Chapter 9 declaring that its provisions shall be deemed supplemental to and a part of the laws relating to intoxicating liquors.

Same—Information—Bill of Particulars—Variance.
4. Where defendant was furnished a bill of particulars showing that while the information charged the violation of the liquor law on a certain date, the state would rely on proof of a sale made on a different date and during the. trial the court inquired of him whether he had been taken by surprise, and he declined to state that he was surprised and did not ask for a continuance, he was in no position to claim prejudice by the introduction of proof relating to a sale made on the latter date, he not having been injured by the variance, if any.

[69 Mont. 8.]

Same—Exhibits—Liquor Ordered Destroyed—Failure to Obey Order—Admissibility in Evidence.

5. The fact that a stock of liquor, for the sale of a portion of which defendant was on trial, had been ordered forfeited and destroyed, which order had been disobeyed by the officer entrusted with their destruction, did not render the liquor inadmissible as evidence.

Same—Dismissal of Information—When not Bar to Subsequent Prosecution.

6. Dismissal of an information before defendant is called upon to plead or before the jury is impaneled and sworn does not bar a subsequent prosecution for the same offense.

Same.

7. Where the date on which an alleged violation of the liquor laws was the same in an amended information as in the original one which had been dismissed, but in a bill of particulars defendant was apprised of the fact that the state would rely upon a sale made on a different date and to a person other than the one named in the bill of particulars furnished under the original pleading, the two offenses were not the same and dismissal of the first information did not bar prosecution under the amended one.

Same—Instruction Given at Request of Appellant—Law of Case.

8. An instruction given at the request of the defendant became the law of the case, of which he cannot complain on appeal.

Same—Absence of Defendant from State—Limitation—Burden of Proof—Evidence—Sufficiency.

9. Under section 11724, Revised Codes of 1921, providing that an information for a misdemeanor must be filed within one year after its commission, and under section 11725, declaring that if defendant after commission of the offense leaves the state the information may be filed within the time limited after his return, the time during which he was absent not being part of the limitation, *held,* that the state's burden of proving that defendant, who had left the state with intention of going to Ireland, was outside the state for a period of at least twenty days was met by testimony a legitimate inference from which was that a trip to Ireland, where defendant visited a number of cities, and return must have involved an absence from the state for at least that length of time.

*Appeal from District Court, Daniels County; C. E. Comer, Judge.*

W. Knilans was convicted of unlawful sale and possession of intoxicating liquors, and appeals from the judgment and an order denying a new trial. Affirmed.

*Mr. Paul Babcock,* for Appellant, submitted a brief and argued the cause orally.

The information does not disclose the kind of liquor possessed or sold, or the place where the same was alleged to

[69 Mont. 8.]

have been unlawfully possessed or unlawfully sold, nor does the information disclose to whom such liquor was claimed to have been sold, or any other facts sufficient to apprise the defendant of the specific charge made against him. Not having alleged any of these matters in the information at bar, we submit that the information was subject to demurrer. (*Fehringer* v. *People,* 59 Colo. 3, 147 Pac. 361; *United States* v. *Hess,* 124 U. S. 483, 31 L. Ed. 516, 8 Sup. Ct. Rep. 571; *United States* v. *Simmons,* 96 U. S. 360, 24 L. Ed. 819 [see, also, Rose's U. S. Notes]; *Earp* v. *State,* 20 Ariz. 569, 184 Pac. 942; *Cole* v. *State,* 16 Okl. Cr. 103, 180 Pac. 713; *Buffo* v. *State,* 4 Okl. Cr. 516, 113 Pac. 233.)

The information alleged that defendant resided outside of the state of Montana for approximately four months during the year 1922. That was one of the material allegations of the information. It was incumbent upon the state to prove that allegation the same as any other material allegation. The state did not prove that he at any time resided outside of the state. In the absence of some positive testimony as to the length of time the defendant was absent from the state, the state failed to prove the material allegations contained in the information, or to prove that the alleged offense was not barred by the statute of limitations, and it will be conceded that such allegation is a material one which must be proven the same as any other fact. "It is well settled that where the issue of the statute of limitations is raised in a criminal case, the state must affirmatively prove the commission of the offense within the statutory period." (13 A. L. R. 1446.)

*Mr. Wellington D. Rankin,* for Respondent, submitted a brief; *Mr. L. V. Ketter,* Assistant Attorney General, argued the cause orally.

It is not necessary for the information to allege the kind of liquor possessed or sold, or the place where the same was alleged to have been unlawfully possessed or sold, or to

whom the liquor was sold, or the amount possessed or sold, as contended for by the appellant. (*State* v. *Fredericks,* 65 Mont. 25, 212 Pac. 495; secs. 11111, 11078, Rev. Codes 1921.) The latter section did not repeal the former as asserted by the appellant. They are not in conflict with each other. While they both relate to pleading, they are not in any manner conflicting, and effect should be given to both. Repeals by implication are not favored, and it will not be presumed that by a subsequent Act the legislature intended to repeal a former law unless the two laws are so repugnant to each other as to be irreconcilable. (*State ex rel. Wynne* v. *Quinn,* 40 Mont. 472, 107 Pac. 506; *Jobb* v. *Meagher County,* 20 Mont. 424, 51 Pac. 1034.)

Appellant contends that under section 11725 it is incumbent upon the state to show that the defendant not only left the state, but that he did so with the intention of changing his residence—that is, his legal residence. Respondent maintains that no such burden is placed upon the state; that proof that the defendant after the commission of the offense left the state of Montana and was not actually present therein during the time alleged is sufficient. The statute says: "And no time during which the defendant is not an inhabitant of or actually a resident within the state, is part of the limitation." The wording of the statute seems to exclude the idea that a legal residence within the state during the year would in itself toll the statute, although the defendant was not during the time personally present within the state. It requires something more than a legal residence—an actual residence. Between the two there is a broad distinction. (*Pickering* v. *Winch,* 48 Or. 500, 87 Pac. 763, 9 L. R. A. (n. s.) 1159.)

Appellant also argues that it was error for the court to permit the introduction of evidence of a sale, for the purpose of showing the unlawful possession of the liquor. This was not error. (*State* v. *Douglas,* 122 Wash. 387, 210 Pac. 778; *State* v. *Pippi,* 59 Mont. 116, 195 Pac. 556; *Richardson* v.

*State,* 23 Ariz. 98, 201 Pac. 845; *Casteel* v. *State,* 151 Ark. 69, 235 S. W. 386; *Howard* v. *State,* 90 Tex. Cr. Rep. 164, 233 S. W. 847.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In an information filed in the district court of Daniels county on January 6, 1922, it was charged that this defendant had violated the prohibitory liquor laws on or about December 26, 1921. On January 16, 1923, that information was dismissed on motion of defendant and with the consent of the county attorney. On the same day a new information was filed, and thereafter a demurrer to that information was sustained. On February 5, 1923, an amended information was filed containing two counts; in the first count the defendant was charged with the unlawful sale of intoxicating liquor on or about December 26, 1921, and in the second count he was charged with the unlawful possession of intoxicating liquor on or about January 6, 1922. A plea of not guilty was entered, a trial had, and the defendant found guilty upon both counts. He has appealed from the judgment and from an order denying him a new trial.

1. Error is assigned to the order of the court overruling [1] the demurrer to the original information. Upon the dismissal that pleading became *functus officio,* and the question now presented is purely a moot one and will not be considered. (*Ben Kress Nursery Co.* v. *Oregon Nursery Co.,* 45 Mont. 494, 124 Pac. 475.)

2. It is contended that the amended information does not [2] charge a public offense in either count, in that it fails to state (a) the kind of liquor possessed or sold, (b) the place where possessed or sold, or (c) the name of the person to whom the liquor was sold, and authorities from other jurisdictions are cited which would lend support for the contention but for the fact that section 14, Chapter 143, Laws of 1917 (sec. 11111, Rev. Codes 1921), specifically relieves the

pleader from the necessity of alleging any of the facts mentioned (*State* v. *Fredericks*, 65 Mont. 25, 212 Pac. 495).

But counsel for defendant insists that the statutes above [3] were repealed by Chapter 9 of the Extraordinary Session of 1921 (sec. 11078, Rev. Codes 1921). In this counsel is mistaken. Section 39 of Chapter 9, above, declares that certain sections of Chapter 143, Laws of 1917, not including section 14, and other enumerated statutes, are repealed, and then concludes: "Except as herein otherwise specified, this Act shall be construed as supplemental to and a part of all laws of this state relating to intoxicating liquors." There is not any conflict between the provisions of section 11078 and the provisions of section 11111 above; hence the general repealing clause found in the former does not affect the provisions of the latter.

3. While the first count of this information charged that [4] the sale was made on or about December 26, the evidence in support of the charge all related to a sale made on December 3. Defendant now complains that he was prejudiced by the ruling of the court admitting the evidence, but the record is conclusive against him. It is disclosed that defendant was furnished a bill of particulars in which he was advised that the state would rely upon proof of a sale made on December 3 and was given the names of the persons to whom the alleged sale was made. But furthermore, when the state's testimony was concluded, the court invited the defendant to say whether he had been taken by surprise so that he could not properly defend against the charge, and defendant declined to say that he was so surprised and did not ask for a continuance. We do not mean to intimate that there was a material variance between the pleading and proof, but defendant is not now in a position to say that he was prejudiced in respect of any substantial right. Section 11874, Revised Codes of 1921, declares: "Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein,

renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right.''

4. To prove that defendant's possession of the liquor on [5] January 6, 1922, was unlawful, the state introduced evidence to the effect that on December 26, 1921, defendant had unlawfully sold some of the same stock of liquors, and the liquors seized on January 6 were introduced in evidence. It appears from the record that in 1922, in a separate proceeding against these liquors, the court adjudged them forfeited and ordered them destroyed, and the contention is made that if the order had been obeyed the liquors would not have been in existence and could not have been used as evidence upon the trial of this case, hence it was error to permit them to be so used. The order. did not designate any time within which the liquors should be destroyed; but, assuming that the order was disobeyed, the consequence of such disobedience might subject the officer to punishment for contempt, but could not affect the admissibility of the liquors as evidence.

It is contended further that evidence of an unlawful sale [6] on December 26, 1921, could not be introduced to prove that the possession of the liquor was unlawful, for the reason that by the dismissal of the original information defendant was acquitted of the charge of selling liquor on December 26, 1921. But defendant is in error in assuming that that dismissal operated as an acquittal. ''The general rule established by the preponderance of judicial opinion and by the best considered cases is that, when a person has been placed on trial on a valid indictment or information before a court of competent jurisdiction, has been arraigned, and had pleaded, and a jury have been impaneled and sworn, he is in jeopardy, but that, until these things have been done, jeopardy does not attach.'' (16 C. J. 236.) ''It is a general rule that a *nolle prosequi*, dismissal or discontinuance, entered before a defendant is called upon to plead, or before the jury are impaneled and sworn, is not equivalent to an acquittal and does

not bar a subsequent prosecution for the same offense." (*Id.*
248; *State* v. *Keerl,* 33 Mont. 501, 85 Pac. 862.)

Section 12229, Revised Codes of 1921, provides: "An order
for the dismissal of an action, as provided in this Chapter, is
a bar to any other prosecution for the same offense if it is a
misdemeanor," *etc.*

While the charge contained in the first count of this infor-
[7]    mation .is apparently the same as that contained in the
original information which was dismissed, the record discloses
that it was not such in fact. In the original information the
sale was alleged to have been made on or about December 26,
1921. Pursuant to the provisions of section 11078 a bill of
particulars was demanded by defendant and furnished by
the state, in which the date of the alleged sale was fixed as
December 26, 1921, the kind and quantity of liquor alleged
to have been sold described, and the names of the purchasers,
Robert Noland and J. F. Morrison, were given. In the
amended information the sale was alleged to have been made
on or about December 26, 1921, but in the bill of particulars
furnished under this information the defendant was apprised
of the fact that the state would rely upon a sale made Decem-
ber 3, 1921, to R. L. Morrison and J. F. Morrison. The two
offenses were not the same, and dismissal of the first informa-
tion did not bar prosecution under the amended information.

5. It is contended that the prosecution of this action was
[8, 9]    barred by the provisions of section 11724, Revised
Codes of 1921, which provides: "An indictment for any mis-
demeanor must be found, or an information filed or complaint
made, within one year after its commission." The prosecution
of the offense charged in each count was barred unless the case
is brought within the provisions of section 11725, which de-
clares: "If, after the offense is committed, the defendant
leaves the state or resides outside the state, the indictment
may be found or an information or complaint filed within
the time herein limited, after his coming within the state,
and no time during which the defendant is not an inhabitant

of or actually a resident within this state is part of the limitation.''

To prevent the interposition of the plea of the bar of the statute of limitations, the county attorney included in each count the following allegation: ''That after the commission of said offense, to-wit, on or about the twentieth day of April, 1922, the said defendant W. Knilans left the state of Montana and from said date until on or about the twentieth day of August, A. D. 1922, a period of approximately four months, the defendant, W. Knilans resided outside of the state of Montana.''

It is conceded that this is a sufficient pleading, but it is contended that the state failed to prove the facts alleged. In his brief, counsel for defendant now insists that since the state alleged that the defendant *resided* outside of the state of Montana for a period of time sufficient to bring the prosecution within the statute, it was incumbent upon it to prove that allegation, and proof of absence from the state is not sufficient. But again defendant is precluded from making this argument by the record. Defendant requested the court to give, and the court gave, instruction 8, which reads as follows: ''You are instructed that before you can find the defendant guilty of the crime charged in the first count herein you must be satisfied from the evidence beyond a reasonable doubt that between the twentieth day of April, 1922, and the twentieth day of August, 1922, the defendant left the state of Montana and remained outside of the state of Montana for a period of at least twenty days, and before you can find the defendant guilty of the crime charged in the second count of said information you must be satisfied beyond a reasonable doubt from the evidence that between the twentieth day of April, 1922, and the twentieth day of August, 1922, said defendant left the state of Montana and remained outside of the state of Montana for a period of at least ten days.''

This instruction became the law of the case, binding upon the defendant, who cannot now be heard to say that a greater burden was imposed upon the state than that indicated by his

[69 Mont. 8.]

own instruction. The burden was imposed upon the state to prove that between April 20, 1922, and August 20, 1922, the defendant left the state of Montana and remained outside the state for a period of at least twenty days so far as the charge contained in the first count is concerned, and for a period of at least ten days so far as the charge contained in the second count is concerned. The evidence discloses that defendant left Scobey, Montana, about May 18, 1922, stating that he intended to go to Ireland; that he returned about August 20, 1922, and upon his return stated that he had gone to Ireland by boat on a business trip, had visited Liverpool among other places, and had been absent several months. The fact that he had been absent from the state for the necessary period could be established by circumstantial evidence, and it cannot be said that it is not a legitimate inference from the testimony above that defendant was absent from Montana for at least twenty days.

We find no error in the record.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.