29698. PETTIGREW *v.* WILLIAMS, guardian, *et al.*

DECIDED DECEMBER 2, 1942.

*Jesse J. Gainey, Steve M. Watkins,* for plaintiff.
*W. W. Alexander, Walter H. Burt,* for defendants.

BROYLES, C. J. On July 2, 1940, Mrs. Robert Pettigrew, formerly Margaret E. Bell, filed a petition in the court of ordinary of Thomas County asking for a settlement and final accounting with her guardian, Mrs. J. R. Williams, formerly Mrs. Annie L. Bell (who was her mother). She alleged that Mrs. Bell was appointed guardian of her and six other minor children on May 7, 1923; that on April 2, 1924, the guardian had $13,014.57 belonging to the seven wards in equal portions; that petitioner became twenty-one years old on March 2, 1932; that her guardian, now Mrs. J. R. Williams, has never accounted for that money nor had any settlement with petitioner. The guardian filed her verified answer setting up her annual returns to the court of ordinary, which showed that she had spent all of the $13,014.57, except the sum of $313.52, for the maintenance, support, education, boarding, clothing, etc., of petitioner and the other wards, and for court

costs and lawyer's fees. On the trial, petitioner offered an amendment to her petition attacking the annual returns of the guardian as false and fraudulent. The ordinary disallowed the amendment and rendered judgment in favor of petitioner for a one-seventh portion of the sum of $313.52. The petitioner filed her appeal to the superior court of Thomas County and upon the trial a verdict and judgment in favor of the guardian were rendered, and a new trial was denied. That judgment was reversed by this court (65 *Ga. App.* 576, 16 S. E. 2d, 120), the court holding that the trial court erred in disallowing certain amendments to the petition, and that such error "rendered nugatory all subsequent proceedings." On the trial now under review all the amendments to the petition were allowed, and the case proceeded to a verdict and judgment for the guardian. A motion for new trial was overruled, and that judgment is assigned as error.

Special ground 1 of the motion for new trial complains of the admission of the evidence of six witnesses. These witnesses, testifying about the living conditions of the guardian and her children, including petitioner, stated that the cost of supporting, clothing, boarding and educating the children would be from $18 to $30 a month for each child (two witnesses said from $18 to $20; three said from $25 to $30, and the other witness gave no figures). The evidence was objected to as irrelevant, immaterial and prejudicial, since "there was no application in this case, apart from the returns, claiming that such amounts had been used for plaintiff and asking that same now be allowed to the guardian." The guardian in her answer admitted that as guardian she had on April 2, 1924, the sum of $13,014.57, but alleged that she had spent all of it except $313.52 in court costs and lawyer's fees, and in the support, education, etc., of the petitioner and the other wards, as shown by her verified annual returns, and she adopted the returns as her answer to the petition. The vouchers set forth in the returns show that the money was so expended. Furthermore, upon the trial the United States Fidelity & Guaranty Company, the surety on the guardian's bond, was made a party defendant and in its answer adopted the answer filed by the guardian as "part of its answer," but also stated that "respondent [the surety] further shows that the amounts expended by said guardian for her daughter, Mrs. Robert Pettigrew, were reasonable and

suitable to her circumstances; that said guardian had no means of providing the support and education otherwise than from the plaintiff's share of said estate; and that the sums plaintiff actually received for her support and education from her said guardian and said estate reasonably amounted to the amounts charged." In view of this plea and the other facts of the case, we think that the evidence objected to was properly admitted. "The character and quality of the board furnished, of the clothing, etc., supplied, may be proved by one acquainted with the worth of them, at the various times when furnished." *Dowling* v. *Feeley*, 72 *Ga.* 557, 567.

Special ground 2 assigns as error the admission in evidence of a certified copy of three annual returns of the guardian. The evidence was objected to on the ground that "the certified copy of the annual returns did not constitute the highest and best evidence of such annual returns because the annual returns had been referred to in the answer of the defendant, Mrs. J. R. Williams, to the citation and had been adopted as her answer to said citation, and therefore such returns were a part of the pleadings and a part of the record in the case and were before the court, and therefore such returns constituted the highest and best evidence of what they purported to show." The above-quoted objection was the only objection interposed to the evidence at the time of its admission. We think that the evidence was properly admitted. "Original returns of a guardian . . are not admissible as prima facie evidence for him on a rule for settlement. It is the judgment of the ordinary thereon that makes them such evidence, and that must appear by an exemplification from the records of the court of ordinary." *Byne* v. *Anderson*, 67 *Ga.* 466.

Special ground 3 complains of the admission in evidence of "certified copies from the tax digests of Thomas County, Georgia, for the years 1925 and 1926, showing tax assessments against Mrs. J. R. Williams as follows: 1925, 15 acres improved lands, including buildings, $600, and city property $1500, total $2100; 1926, market value of city property $1500." The evidence was objected to on the grounds that it "only showed tax assessments against Mrs. J. R. Williams personally; and it did not show anything about the guardianship or the ward's estate; and it was wholly irrelevant and immaterial to any issue in the case and was prejudicial to the plaintiff and misleading to the jury." We see

no harmful error to movant in the admission of the evidence. Although it was offered by the defendant, it tended to support the contentions of the plaintiff that her mother was financially able to support her without charging her for board, clothing, education, etc.

Grounds 4 to 7, inclusive, complain of the court's refusal to give certain requested charges. When these requests are considered in connection with the charge given and the facts of the case none of these grounds shows harmful error. This is true although the requested charges employed language used by this court in the former decision in this case, it being well settled that language used by the Supreme Court or the Court of Appeals in deciding a case may be inappropriate for use by the trial judge in charging the jury. The remaining special grounds (8 to 13, inclusive) complain of various excerpts from the charge. These excerpts, when viewed in the light of the entire charge and the facts of the case, show no harmful error.

The evidence amply authorized the verdict, and the denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*