STATE OF MONTANA, Plaintiff and Respondent, v. HERB MOORE, Defendant and Appellant.

No. 10173.

Submitted October 31, 1960. Decided December 2, 1960.

357 P.2d 346.

Patrick L. Donovan and John F. Bayuk, Shelby, for appellant. John F. Bayuk argued orally.

Forrest H. Anderson, Atty. Gen., M. James Sorte, Asst. Atty. Gen., for respondent. James M. Sorte argued orally.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment convicting the defendant

of the crime of selling intoxicating liquor to a minor entered in the district court of the ninth judicial district upon a jury verdict.

The alleged offense occurred in the defendant's tavern in Pendroy, Montana, on September 7, 1959, when the defendant allegedly sold vodka to Terry Nielson, who was seventeen years of age at that time. The specific facts will be set out in the remainder of the decision as they become pertinent to the questions of law involved.

Defendant's seven specifications of error concerned three main objections. However, one of these objections, viz., the question of proof of venue was expressly abandoned during the oral argument and will not be considered here. The two remaining objections are:

(1) Alleged lack of jurisdiction to entertain the cause on the part of the district court; and

(2) Alleged insufficient proof of the *corpus delicti* to support a judgment of conviction.

The question of jurisdiction on the part of the district court arose in this manner:

R.C.M. 1947, § 94-35-106.1, provides as follows concerning the sale of intoxicating liquor to minors:

"In cases of prosecution for first offenses under this act, the justice courts and district courts of the state of Montana shall have concurrent original jurisdiction. In all other cases the district courts of the state of Montana shall have exclusive original jurisdiction for violation of the provisions of this act."

Apparently a complaint was first filed in justice court charging the defendant with the sale of intoxicating liquor to Terry Nielson, a minor. However, the defendant demurred to this complaint, and the justice court sustained the demurrer on the ground that it was made to appear that this was a second offense and the district court had exclusive original jurisdiction. The county attorney then filed an information in the district court where the defendant was tried and convicted.

From the record before us we cannot determine whether or not this actually was the first or second offense of selling intoxicating liquor to a minor by the defendant, but it makes no difference to a determination of the question of jurisdiction.

It is obvious that the defendant was not placed in former jeopardy in violation of Mont. Const., Art. III, § 18, by a dismissal of the complaint upon his demurrer in justice court without any further proceedings. See State v. Gaimos, 53 Mont. 118, 162 P. 596; State v. Knilans, 69 Mont. 8, 220 P. 91.

The defendant claims that the district court did not have jurisdiction because of R.C.M. 1947, § 94-9507, which provides:

"An order for the dismissal of an action, *as provided in this chapter*, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony." Emphasis supplied.

In the case of State ex rel. Borberg v. District Court, 125 Mont. 481, 240 P.2d 854, this court held that section 94-9507 has no application to the filing of a complaint in justice court, but only to offenses where there is a filing of an information or the finding of an indictment. In that case, at page 491, 240 P.2d at page 859, it was said:

"The phrase 'as provided in this chapter' means as provided in Chapter 95 of Title 94, being sections 94-9501 to 94-9507, inclusive, of the Revised Codes of 1947.

"The only section of Chapter 95 of Title 94 of the Codes which provides for an order for the dismissal of an action is the first section of the Chapter which reads:

" '94-9501. (12223) *When action may be dismissed.* The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

" '1. Where a person has been held to answer for a public offense, if an information is not filed against him, within thirty days thereafter, or such time has not been extended by the court or judge.

" '2. If a defendant, whose trial has not been postponed

upon his application, is not brought to trial within six months after the finding of the indictment, or filing of the information.' "

Since the present action has nothing to do with the provisions of R.C.M. 1947, §§ 94-9501 to 94-9507, the bar of section 94-9507 has no application to this cause. In the instant case, the district court properly entertained jurisdiction.

■ The second objection of the defendant is that there was insufficient proof of the *corpus delicti* to support a judgment of conviction. In the instant case, the proof of the *corpus delicti* would be proof of the sale of intoxicating liquor to a person under twenty-one years of age.

Testimony concerning *corpus delicti* was received as follows at the trial: Terry Nielson, to whom the liquor was allegedly sold, testified that he could not remember the day in question, apparently because of a blow on his head. However, he did testify that the date of his birth was November 9, 1941, which would make him seventeen years of age on September 7, 1959. Harold Nielson, Terry's father, testified that Terry was seventeen years of age on September 7, 1959. Clayro Bellamy testified that he went into the defendant's bar with his son, Kurt Bellamy, on September 7, 1959. He testified that Terry Nielson was in the bar at that time and sitting four or five feet away from him. He testified that he saw the defendant pour Terry two drinks out of a bottle marked "vodka" and he saw Terry drink them. Upon cross-examination, he admitted that he did not actually taste the drinks, but that they appeared to be a clear liquid similar in appearance to vodka and were poured out of a bottle marked "vodka". Kurt Bellamy testified that he went with his father into the defendant's bar on September 7, 1959, and carried on a conversation with Terry Nielson, who was seated next to him. He testified that he saw the defendant pour Terry a drink out of a bottle marked "vodka" and he saw Terry drink it. He also testified that some money changed hands between Terry and the defendant.

Upon cross-examination he admitted that he could not be sure that the liquid actually was vodka but it was clear and was poured out of a bottle marked "vodka".

■ In all cases, other than homicide cases, the *corpus delicti* may be proved by circumstantial evidence. State v. Dixson, 80 Mont. 181, 260 P. 138; State v. Traufer, 109 Mont. 275, 97 P.2d 336; State v. Webber, 112 Mont. 284, 116 P.2d 679, 136 A.L.R. 1077.

The evidence adduced at the trial was sufficient to prove the *corpus delicti* in the instant case. It is insignificant that the witnesses could not testify positively that the clear liquid served Terry Nielson was vodka. The facts here involved, namely, that the defendant served Terry clear liquid out of a bottle marked "vodka" in the defendant's bar on September 7, 1959, were sufficient to prove the *corpus delicti,* by circumstantial evidence. This is strengthened by the fact that this court has taken judicial notice of the fact that vodka is an "intoxicating liquor" as defined in R.C.M. 1947, § 94-35-107. See State v. Wild, 130 Mont. 476, 305 P.2d 325. Any further requirement of proof would almost eliminate convictions of this crime.

For the above-stated reasons the judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR and ANGSTMAN concur.

MR. JUSTICE BOTTOMLY not participating.