40382.   SLATER v. DODD.

NICHOLS, Presiding Judge.   1. The trial court should have taken judicial notice of the fact that "vodka" is intoxicating and therefore, it was reversible error for the trial court to fail to charge the jury the written requests as set out and complained of in grounds 4 and 8 of the amended motion for new trial. In *Snider v. State*, 81 Ga. 753 (7 SE 631, 12 ASR 350), and in numerous cases since, it has been held that courts will take judicial notice that "brandy, whiskey, gin, rum and other alcoholic liquids" are intoxicating liquors per se.   While the cases have not dealt with "vodka" as extenstively as other liquors, and in fact the writer has found cases from only one jurisdiction dealing with the question of whether proof is necessary to show that "vodka" is an intoxicating liquor, these cases, State of Montana v. Wild, 130 Mont. 476 (305 P2d 325); and State of Montana v. Moore, 138 Mont. 379 (357 P2d 346), place "vodka" in the same category as brandy, whiskey, gin, rum and other intoxicating liquors and hold no proof is necessary to show "vodka" to be an intoxicating liquor. No cases have been found which hold to the contrary. Webster's New International Dictionary (2d Ed.) defines "vodka" as, "A Russian distilled alcoholic liquor commonly made from rye, sometimes from potatoes, and rarely from barley. Sometimes, in Russian any kind of whiskey, brandy, etc."

2. While the court in instructing the jury should define terms which are technical in their nature and the meaning of which is not likely to be understood by jurors of ordinary intelligence but unlearned in the law, *Roberts v. State,* 114 Ga. 450, 453 (3) (40 SE 297), there is no requirement that the court in its charge to the jury undertake to define terms, the meaning of which is ordinarily understood by the public in general.   *Floyd v. State,* 59 Ga. App. 867, 871 (200 SE 207); *Kelly v. State,* 63 Ga. App. 231, 239 (7) (10 SE2d 417). Under the foregoing rules it was not error for the court to fail to define the term "spirituous liquors" as complained of in ground 5 of the amended motion for new trial.

3. In special ground 6 of the amended motion for new trial it was not error for the trial court to charge the jury that the burden was upon the plaintiff to prove the allegations of his petition by a legal preponderance of the evidence.

4. The instructions of the court that "certain paragraphs of litigation which the plaintiff has been involved in, in other cases . . . which have been read in your presence" have been admitted by the court as admissions detrimental to the plaintiff and that the jury was to consider such matters as admissions, amounted to an expression of an opinion by the trial judge that the pleadings which had been read to the jury constituted admissions by the plaintiff and that such admissions were detrimental to the plaintiff. This instruction was in direct contravention of the provisions of *Code* § 81-1104, as complained of in special ground 7, and it was reversible error for the trial court to overrule this ground of the amended motion for new trial.

5. The failure of the trial court to give to the jury in charge the language contained in the request as complained of in ground 9 of the amended motion for new trial was not error, since this request was taken from the language of this court on the previous appearance of the case here and such language, while appropriate to a decision of the appellate court, was not appropriate to be charged to the jury, and as a charge would have been argumentative and would have unduly stressed the contentions of the plaintiff over the contentions of the defendant. *Pettigrew v. Williams*, 68 Ga. App. 435 (23 SE2d 183).

6. The general grounds of the motion will not be passed upon, in as much as the evidence may not be the same on another trial.

*Judgment reversed. Felton, C. J., Bell, P. J., Frankum, Jordan, Hall, Eberhardt, Russell and Pannell, JJ., concur.*

DECIDED JANUARY 23, 1964.

*Houston White, Beryl H. Weiner, John E. Hogg,* for plaintiff in error.

*Westmoreland, Hall & Pentecost, John L. Westmoreland, James M. Roberts,* contra.