## 50392. FOTIATIS v. CLEMMONS.

EVANS, Judge.

J. L. Camp purchased numerous savings certificates in the name of "J. L. Camp or Estelle Clemmons." Estelle Clemmons was his niece and lived with him for a number of years, taking care of him in the latter years of his life. Camp also rented a safety deposit box in the Rockmart Bank, which was rented in the name, "J. L. Camp, Estell Clemmons (on death)." Estelle had both keys, and was always with Camp when he opened the safety deposit box. Camp died and the bank refused to allow Estelle Clemmons entry.

Miss Clemmons sued in trover to recover the contents of the box belonging to her, alleging same to be one savings certificate in the amount of $30,000 payable to J. L. Camp or Estelle Clemmons, and $36,000 in United States currency. The bank answered that it was a stakeholder, and that the administratrix of the estate of J. L. Camp, Clolie C. Fotiatis, was also claiming the contents of said box.

The administratrix was ordered to file her claim to the funds which was thereafter done, and after trial, resulting in a jury verdict for plaintiff, the court awarded the entire contents to plaintiff. Motion for new trial was filed and denied and the defendant administratrix appeals. *Held:*

1. The defendant contends the court erred in charging the jury that the rule as to delivery of a gift is not so strictly applied to transactions by the members of the family in the same house, as the law in such cases accepts as delivery, acts which would not be so regarded when the transactions are between strangers living in different places. The charge is based on language found in the cases of *Williams v. McElroy,* 35 Ga. App. 420 (2) (133 SE 297), *Harrell v. Nicholson,* 119 Ga. 458, 460 (46 SE 623); and *Moore v. Cline,* 115 Ga. 405, 407 (41 SE 614). Defendant fails to cite any better authority but merely contends that these cases do not mean that the language therein is proper for use in instructions to a jury, citing *Slater v. Dodd,* 108 Ga. App. 879, 880 (5) (134 SE2d 848) and *Southern Cotton Oil Co. v. Skipper,* 125 Ga. 368, 369 (9) (54 SE 110). Defendant also contended the language of the charge is argumentative, confusing and misleading to the jury when it considers the law as to delivery of a gift. We hold the charge is not argumentative; that it is authorized by the law and the evidence, and the court did not err in giving this charge to the jury.

2. There was not only evidence that the deceased intended for his niece to have the contents of the lock box; but his giving her a key to his lock box, and having the bank certificates of deposit made payable to "J. L. Camp or Estelle Clemmons" was sufficient to support the theory that he gave her the contents prior to his death. His reasons were ample, in that the niece lived with him and cared for him during the latter years of his life.

The questions as to when, where, and how the money and certificates were placed in the box, and the time of delivery of same as gifts, are all for determination by a jury.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

Argued February 26, 1975 — Decided April 7, 1975.

*Cook & Palmour, A. Cecil Palmour,* for appellant.
*Gammon & Anderson, Joseph N. Anderson,* for appellee.