NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1042

BREANA WILLIAMS

vs.

JOHN HICKSON & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

While living together as romantic partners, the plaintiff and defendant John Hickson (the defendant) adopted a border collie and pit bull terrier mixed-breed puppy that the plaintiff named Sadie.  Several months later, the couple broke off their relationship, and Sadie ended up in the defendant's possession.  The plaintiff filed this Superior Court replevin action for the return of Sadie and obtained a preliminary injunction granting her possession of Sadie.  After a bench trial, however, the Superior Court judge found that the plaintiff had gifted Sadie to the defendant and ordered judgment in his favor.  The plaintiff now appeals, arguing that the judge did not correctly apply the legal standard governing transfer by gift.  We affirm.

---

[1] Linda Hickson and Michael Hickson.

Background.  After trial, the judge issued written findings of fact and conclusions of law.  The judge acknowledged that, because of the emotionally-charged subject matter, the conflicting testimony of the parties, and the strength of the circumstantial evidence presented by each side, her ultimate conclusion in the defendant's favor was both "close and difficult."  Although acknowledging the same, we nevertheless must adopt the judge's findings absent clear error, keeping in mind that "[i]n a bench trial[,] credibility is 'quintessentially the domain of the trial judge [so that her] assessment is close to immune from reversal on appeal except on the most compelling of showings.'"  Prenaveau v. Prenaveau, 81 Mass. App. Ct. 479, 496 (2012), quoting Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995).

The judge found that sometime before the events of this case, the parties endured a period of separation in their relationship, during which the defendant had dated another woman and grown attached to the other woman's dog.  By March 2020, the parties had resumed their romantic relationship and moved in together, but the defendant's continued attachment to the other woman's dog troubled the plaintiff.  Although the plaintiff testified that she decided to adopt another dog because she wanted a companion for her two small shih tzus, the judge ultimately credited the defendant's testimony that the plaintiff

2

adopted Sadie because she thought it would help their relationship by lessening the defendant's attachment to his ex-girlfriend's dog.

The defendant had wanted a pit bull since he was a child and was specifically interested in a border collie and pit bull mix. After discovering Sadie through social media, the plaintiff filled out the paperwork and paid the fee to adopt Sadie.[2] Under the terms of the adoption contract with the animal shelter, the plaintiff could not "abandon, give away, sell, or dispose" of the dog, or she would be required to pay $300 in liquidated damages to the shelter. Once Sadie was living with the parties, the plaintiff took responsibility for Sadie's veterinary care, but the defendant spent more time with Sadie, taking her to his parents' house on almost a daily basis, and was responsible for Sadie's behavior training.

In August 2020, the parties ended their relationship again, and Sadie ended up in the possession of the defendant and his parents. The plaintiff filed suit, seeking the immediate return of Sadie to her care, and was granted a preliminary injunction. Sadie remained with the plaintiff until, after trial, the judge concluded that Sadie was a gift to the defendant from the

---

[2] The plaintiff named the dog Sadie even though the defendant did not like that name.

plaintiff and ordered that she transfer Sadie to him.  This appeal followed.

Discussion.  On appeal, the plaintiff argues that the judge failed to apply the correct legal standard for transfer by gift.[3] We are not convinced.

Under Massachusetts law, dogs and other pets are treated as personal property.  See Irwin v. Degtiarov, 85 Mass. App. Ct. 234, 237 (2014).  "It is settled that in order to effect a completed gift of personal property . . . there must be a settled donative intention on the part of the donor, together with an actual or symbolic delivery of the subject matter of the gift to the donee . . . in such manner as completely to transfer the dominion and control of [the property to the donee]." Monaghan v. Monaghan, 320 Mass. 367, 369-370 (1946).  See Edinburg v. Edinburg, 22 Mass. App. Ct. 199, 204 (1986).

First, the judge clearly considered the plaintiff's donative intent when concluding that Sadie was a gift.  There was evidence that the plaintiff sought to adopt a dog with the

_____

[3] The plaintiff's brief also asserted that the judge's findings of fact were clearly erroneous.  At oral argument, however, the plaintiff disclaimed this assertion.  In any event, the plaintiff has not furnished us with the full trial transcript, thereby precluding us from reviewing whether any finding was clearly erroneous.  See Matter of Valerie R. Pecce Supplemental Needs Trust, 99 Mass. App. Ct. 376, 381-382 (2021).  From the limited record that is before us, we have no concern in this regard.

4

intent to diminish the defendant's attachment to the other woman's dog. Also, the plaintiff's choice to adopt a dog of the defendant's preferred breed mix supports the inference that she intended to adopt the dog for the defendant.

Despite the plaintiff's arguments to the contrary, the fact that her intent was developed before Sadie was actually adopted was sufficient to infer that she still had the intent during and after Sadie's adoption, even without a formal declaration postadoption. "One of the commonest of inferences is that a state of affairs, including a state of mind, once proved to exist, continues to exist." Conroy v. Fall River Herald News Publ. Co., 306 Mass. 488, 493 (1940). Although the adoption contract bearing only the plaintiff's name might be viewed as strong circumstantial evidence of her intent to keep possession of Sadie, we do not agree that the judge erred by (in the judge's words) "look[ing] beyond the paperwork" to consider the parties' testimony.[4]

---

[4] Nor did the adoption contract itself establish or govern the plaintiff's intent as a matter of law. The contract did not prevent the plaintiff from giving Sadie away; it merely made her liable for liquidated damages if she did so. Relatedly, the adoption contract was not dispositive of who had title to Sadie. Even in the context of motor vehicles, for which written title is generally required, see G. L. c. 90D, § 4, being named on the written title is not dispositive of ownership; dominion and control must also be considered. See Commonwealth v. One 1986 Volkswagen GTI Auto., 417 Mass. 369, 371, 374-376 (1994).

Second, the judge adequately considered whether the plaintiff delivered Sadie to the defendant, even if the judge did not use the word "delivery" in discussing this element. The judge's written decision clearly stated that in determining who owned Sadie, she considered "indicia of dominion and control." Her conclusion rested in part on her findings that the defendant was primarily responsible for Sadie's day-to-day care and took her to his family's house "on almost a daily basis," sometimes also bringing the plaintiff's two dogs. The defendant's father had enlarged a fence in his yard to make a safe place for the dogs to play.

Courts applying the common law of transfers by gift generally apply the delivery element more loosely when the gift is made between members of the same household. See Estate of Raphael, 115 Cal. App. 2d 525, 531 (1953); Fotiatis v. Clemmons, 134 Ga. App. 487, 487 (1975); Ross v. Draper, 55 Vt. 404, 407 (1883); Potts on Behalf of Estate of Gavcus v. Garionis, 127 Wis. 2d 47, 52-54 (Ct. App. 1985), and cases cited. See also Shepard v. Shepard, 164 Mich. 183, 201 (1910) ("[O]pen and visible change of possession is obviously not possible in all cases. Thus, where the donor and donee reside together, . . . [i]t is sufficient[] if it clearly appears that the donor had relinquished, and the donee had acquired, all dominion over, and control of, the property"); Restatement (Second) of Property,

6

Donative Transfers § 31.1 Reporter's note 1(b) (1992) (listing cases "recognizing that the rule of delivery is not so strictly applied to gifts between family members").

Therefore, we think that the judge's findings about who had dominion and control over Sadie were sufficient in this instance.  Although the adoption paperwork and veterinary records were strong evidence that the plaintiff anticipated and retained a significant role in caring for Sadie, we do not see any error in the judge's conclusion that the defendant ultimately had dominion and control over Sadie, establishing along with the other evidence that Sadie was a gift from the plaintiff.

<u>Amended judgment entered on June 9, 2022, affirmed</u>.

By the Court (Sacks, Brennan & D'Angelo, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  December 14, 2023.

---

[5] The panelists are listed in order of seniority.