26412. BLUE'S TRUCK LINE INC. *v.* HARWELL *et al.*

DECIDED DECEMBER 4, 1937.
ADHERED TO ON REHEARING, DECEMBER 20, 1937.

*Martin, Martin & Snow, E. O. Dobbs,* for plaintiff in error.
*E. W. Maynard, S. G. Jones,* contra.

STEPHENS, P. J. 1. On the trial of a case brought by a husband and minor children against the owner of a truck and the operator thereof, to recover the value of the life of the wife and the mother of the plaintiffs, whose death it was alleged was caused from the automobile in which she was riding, with another person driving, colliding in the night-time with the truck with a trailer attached thereto, as a result of alleged negligence of the owner of the truck through the owner's agent, the driver of the truck, and

of the driver himself (after the truck and trailer, due to some engine trouble caused by a defective diaphragm connected with the fuel pump, and a defective fuel pump, which condition was well known to the defendants, and to insufficiency of the brakes to hold the truck), in permitting the truck and trailer to roll backward down the incline in the highway, and causing the rear end of the trailer to get on the left side of the middle of the road, and the truck and trailer to be parked within eight feet of the center line of the highway, in violation of law, and not leaving sufficient space for automobiles to pass on the left of the truck and trailer, and without having any lights on the rear end of the truck and trailer; and where there was no allegation or ground of negligence that the truck or the trailer violated any law as to size, weight, or dimensions, and where the court charged the jury, as to the size, dimensions, weight, and description of trucks which may be lawfully operated on the highways of the State, that "irrespective of the size or weight or the amount of the road that the truck of the defendant company might have absorbed or used at the time it was being used, if it was being done within the rules, restrictions, and provisions as are provided by these laws," and that all users of the road have equal rights to the use of the road, and there can be no discrimination as against the truck or the size of the truck "if the jury finds that the defendant company at the time and place alleged was acting under the provisions of the law as are specified and were not guilty of the acts of negligence as are alleged in the petition;" and where the suit was not one to recover because of the size of the truck, but was a suit to recover for the alleged act of negligence of the character and nature set out in the peti-. tion, and where there was no evidence that the truck did not comply with the laws of Georgia as to size, dimensions, weight, etc., the charge in which it was stated that there can be no discrimination against the truck if the defendant company at the time and place alleged was acting under the provisions of the law as are specified was not guilty of the acts of negligence alleged in the petition, was not harmful to the defendant.

2.  A charge that if the jury believed that the truck was parked within eight feet of the center line of the highway this would be negligence per se, and that if the jury believed that such parking of the truck was the proximate cause of the death of the deceased

the plaintiffs would be entitled to recover, provided the deceased could not have avoided the consequences of the defendant's negligence, was not subject to the objection that the jury was thereby instructed that the act of the defendants in parking the truck as described was negligence per se, and, if the proximate cause of the death, would authorize a recovery for the plaintiffs, notwithstanding the stopping of the truck and its being parked at the time and place where it was parked was without fault on the part of the defendants, where the court elsewhere in the charge modified this instruction by stating that if it became impossible for the defendants, by reason of the motor on the truck ceasing to run, to avoid parking the truck as they did, within eight feet of the center line of the road, the defendants would be excused from a compliance with the statute prohibiting the parking of vehicles within less than eight feet of the center line of the road.

3. The charge of the court that if the jury should believe that the defendant did not have "at least two lamps of approximately equal candle-power mounted on the right and left side of said truck, as required by law," this would be negligence per se, while being an excerpt from the provisions of the statute (Code, § 68-302) which the court had already given in charge to the jury, which statute, as charged by the court, went further and referred to the lights required as being "front lamps," was not a clear statement that the lamps referred to had reference to the front lamps on the truck, but it was calculated to cause the jury to infer that the court was instructing them that the two lamps required by law were not the front lamps as the law required, but were lamps on each side of the truck. The charge was error. SUTTON, J., dissents.

4. Since there is no statute requiring that a truck which is backing on a highway have a lamp or a light on the left side of the truck, and the only statute in reference thereto, as found in Code, § 68-302, is that "every motor vehicle, tractor, and trailer shall have on the rear thereof, and to the left of the axis thereof, one lamp capable of displaying a red light visible for a distance of at least one hundred feet behind such vehicle," the charge of the court that if the jury should believe that the truck was parked on the highway, or was backing on the highway, at the time and place complained of, "without having at least one lamp or light on the left side thereof, that would be negligence per se," was not

a correct statement of the law. If the court in this charge had reference to the red light required by the statute on the rear of an automobile to the left of the axis thereof, the language was insufficient to clearly so indicate and to instruct the jury that the court had reference to such red light on the rear of the vehicle as required by law. There being evidence to the effect that the trailer of the motor truck of the defendant company, with which the other automobile collided, was parked, or was backing, with the left wheels thereof on the left of the middle line of the road, without the red light required by law, the charge was prejudicial to the defendants in that it erroneously instructed the jury that the failure of the defendants to have a light on the left side of the truck was negligence as a matter of law. SUTTON, J., dissents.

5. There is no statute of this State prohibiting the running of an automobile or a truck or a trailer backwards on either side of the road. Where the evidence authorized the finding that the defendant company's truck, with the trailer attached, was being backed, and that the automobile in which the deceased was riding ran into the trailer, and the deceased was killed, it was error for the court to charge the jury that if the driver of the truck "backed" the truck "with the left end of the trailer on the left-hand side of the center of said highway," looking towards the direction which the truck was facing, that would be negligence per se. Such act was not a violation of law, and therefore was not negligence per se. The charge was error prejudicial to the defendants, and requires the grant of a new trial. See *Eubanks* v. *Mullis,* 51 *Ga. App.* 728 (181 S. E. 604).

6. Whether or not the deceased, who was a married woman, and the lady driver of the automobile in which the deceased was riding, were guilty of any breach of propriety by being at the time in company with two men, one of whom was a married man, and in going with them to a place where barbecue was sold, and to a dance-hall, this was not a fact which was relevant to any issue in the case. The court did not err in instructing the jury that it had nothing to do with the case, and to give no consideration to it.

7. The value of the life of a wife and mother, for whose homicide the husband and children are seeking to recover damages, is not determinable solely from evidence as to the amount of money which the deceased may have earned as a worker for wages, or

the actual domestic services which she may have performed in the home for the benefit of the husband and children. In estimating the value of her services she is not to be considered as an ordinary servant or as a mere hireling. Her position is that of a wife and mother, and as such she performs services of a peculiar nature which can be performed by no other person, and are invaluable and incapable of exact proof. Although there may be no evidence that she performed in the home any particular services which are particularly performed by a wife or a mother, the value of such services may be determined from the fact of the relationship, and all the facts and circumstances of the family, and the living conditions, and from one's experience and knowledge of human affairs.

See *Metropolitan Street R. Co.* v. *Johnson,* 91 *Ga.* 466, 471 (18 S. E. 816); *Standard Oil Co.* v. *Reagan,* 15 *Ga. App.* 571 (9) (84 S. E. 69); *Savannah Electric Co.* v. *Dixon,* 18 *Ga. App.* 314 (3) (89 S. E. 373); *S. A. L. Ry. Co.* v. *Sarman,* 38 *Ga. App.* 637, 640 (11-13) (144 S. E. 810); *Georgia Railway & Power Co.* v. *Shaw,* 25 *Ga. App.* 146 (3) (102 S. E. 904); *City of East Point* v. *Christian,* 40 *Ga. App.* 633, 640 (151 S. E. 42). The charge of the court to the jury, that "in determining the value of the services of the deceased as a wife and mother, as well as a worker, the jury may consider all the facts and circumstances of the case" was not subject to the objection that it was not authorized by the pleadings, and that there was no evidence of any services performed by the deceased as a wife and mother.

8. The instructions contained in the charge of the court as to the method of arriving at the cash value of the life of the deceased were in substantially the same language as the charge in *Georgia Railroad & Banking Co.* v. *Wallis,* 29 *Ga. App.* 706 (9) (116 S. E. 883), and, for the same reason as was held in that case, were not error. It is immaterial that in the case now before the court the mortality tables may not have been in evidence, and that in the case cited such tables were in evidence.

9. As the judgment is reversed, it is unnecessary to pass on the other assignments of error which relate to the alleged excessiveness of the verdict for the plaintiffs, and to the failure of the court to declare a mistrial on account of certain language used by the plaintiffs' counsel in argument to the jury. The court erred in overruling the defendants' motion for new trial.

*Judgment reversed.* *Felton, J., concurs; Sutton, J., dissents.*

Sutton, J., dissenting from the rulings in divisions 3, 4, and 5 of the opinion. While a portion of the charge dealt with in division 5 of the opinion is in part an incorrect statement, still, when taken and considered in connection with the balance of the charge, and especially that portion of the charge immediately preceding the part here excepted to, it should not be held as reversible error. No reversible error being shown, I think the judgment should be affirmed.