26412. BLUE'S TRUCK LINE INC. *v.* HARWELL *et al.*

DECIDED DECEMBER 5, 1938. ADHERED TO ON REHEARING, DECEMBER 20, 1938.

*Marlin, Marlin & Snow, E. O. Dobbs,* for plaintiff in error.

*E. W. Maynard, S. G. Jones,* contra.

STEPHENS, P. J.  Eugene Harwell brought suit against Blue's Truck Line Incorporated to recover damages for the homicide of his wife who was killed while riding in an automobile driven by another which ran into the defendant's truck, it being alleged that the homicide was caused by various acts of negligence of the defendant with respect to the operation of its truck on a public highway.  The jury found a verdict for the plaintiff in the sum of $35,000.  The defendant made a motion for new trial on various grounds.  Before the court passed on the motion, the plaintiff, voluntarily and without any suggestion from the court, wrote off from the verdict the sum of $20,000, thereby reducing the verdict to $15,000.  One of the grounds of the motion for new trial was that the verdict was so excessive as to justify the inference of "gross mistake, undue bias, and prejudice."  The court overruled the motion for new trial, and, in so doing, in a written opinion, reviewed at length this ground of the motion, and stated that it was of the "opinion that the jury was authorized under the law and the evidence to find the amount of damages stated in their verdict, and if there can be any doubt of the reasonableness thereof, this doubt has been removed by the voluntary relinquishment of more than

one half the amount by the plaintiff." On the defendant's exceptions to the judgment overruling the motion for new trial, this court reversed this judgment on several grounds of the motion which were directed to alleged errors in the charge of the court. In view of the fact that the judgment was reversed, this court expressly declined to pass on the assignments of error which related to the excessiveness of the verdict and to the failure of the court to declare a mistrial on account of certain alleged language used by the plaintiff's counsel in argument to the jury. *Blue's Truck Line Inc.* v. *Harwell,* 57 *Ga. App.* 136 (194 S. E. 399). This court also failed to pass upon the general grounds of the motion for new trial that the verdict was without evidence to support it and contrary to law.

The plaintiff obtained from the Supreme Court of this State a writ of certiorari to review the decision and judgment of this court in which this court had reversed the judgment of the trial court overruling the defendant's motion for a new trial. The Supreme Court, upon a consideration of the case on certiorari, reversed the judgment of this court on all grounds upon which this court had reversed the trial court, two judges of the Supreme Court dissenting. *Harwell* v. *Blue's Truck Line Inc.,* 187 *Ga.* 78 (199 S. E. 739). The case is returned to this court, by order of the Supreme Court, for such further action by the Court of Appeals "as may be necessary to give effect to the opinion [of the Supreme Court] filed in the case." Therefore, in accordance with the opinion and the judgment of the Supreme Court, the judgments and the rulings arrived at by the Court of Appeals in paragraphs 3, 4, and 5 as appear in the report of this case in 57 *Ga. App.* 136 (supra), which constituted the grounds upon which the judgment of the trial court was reversed, must be vacated and overruled. This court therefore, under the mandate from the Supreme Court, now concludes and so rules that the trial court did not err as respects any of the assignments of error upon which this court reversed the trial court.

There are now presented for this court's consideration the three assignments of error which were not passed on by this court in the opinion already rendered. One of the assignments of error referred to was that the verdict, which was in the sum of $35,000, was so excessive as to justify the inference of gross mistake, undue bias, and prejudice; another is the assignment of error contained in the

motion for new trial in which error is assigned on the overruling by the trial court of the motion by the defendant to declare a mistrial on the ground of alleged improper and prejudicial remarks made to the jury in the argument of the case by counsel for the plaintiff; the other is that the verdict was without evidence to support it.

It appears from the record, in the certificate of the trial judge approving the grounds of the motion for new trial, although he could not state the exact words used, that counsel for the plaintiff, in his argument before the jury, made a statement to the effect that the defendant was one of the biggest road hogs in the State. It is certified by the trial judge, who stated that he was engaged in preparing the charge at the time of the alleged remarks by counsel and for this reason did not hear the exact words, that counsel for the plaintiff, in response to a question from the judge, stated that he had stated in argument that "the defendant company was one of the biggest road hogs and a menace to human life under the evidence in the case." Later, after the reporter had been recalled for the purpose of having established as a matter of record the exact words which counsel for the plaintiff had used in the presence of the jury, counsel for the plaintiff admitted and stated in open court as follows: "My recollection is, I said the evidence in this case shows that they are among the greatest road hogs in this State, and that it is demonstrated by the fact that the left-hand side of the trailer was on the left side of the center of the highway." At this same time counsel for the defendant stated that according to his recollection counsel for the plaintiff had stated in argument to the jury: "These big Blue's trucks are the biggest bunch of road hogs that I know of. They are the greatest menace to human life in the entire State of Georgia to-day." Whatever may have been the exact words used by counsel for the plaintiff in his address to the jury, it is agreed by counsel for both sides that counsel for the plaintiff characterized either the defendant itself, or its trucks, as the "biggest" "road hogs." Taking the version which counsel for the defendant insists upon, counsel for the plaintiff in his argument stated that "the defendant company is one of the biggest road hogs and a menace to human life under the evidence in this case."

The defendant moved for a mistrial on the ground that the statement made in argument by the plaintiff's attorney was highly prejudicial and without evidence to justify it. The court did not repri-

mand counsel, but immediately after the remarks were made by counsel, stated to the jury that the operation of trucks with trailers coupled thereto is authorized as to size, capacity, length, and weight, and that when trucks are thus operated within the provisions of the law thus specified they are as much entitled to the use of the public highways of this State for transportation as any other form of vehicle or any pedestrian who also may use the road under the laws governing their use. The court overruled the motion for mistrial. Furthermore, the court in the general charge to the jury stated: "The jury is not to be influenced in any way by any general opinion which counsel for the plaintiff might or might not have with regard to the general conduct of the defendant, the Blue's Truck Line Inc., with regard to the manner in which it may at any time, other than in this particular instance, have conducted itself, assuming that the company has always complied with the law of the land as it is regulated by the statutes of the State of Georgia, and the conduct of its business. And if any general expressions have been made to the jury by counsel for the plaintiff with respect to any general conduct upon the part of the defendants, the Blue's Truck Line Inc., as being a 'road hog' or as being a menace to life on the highways, the jury will disregard any such references as may have been made and confine themselves strictly and alone to a consideration and determination of this case from the evidence in this case, and the opinion that you have of the evidence in the case, and also from the charge as given by the court regarding the laws governing the case, and from that alone, which I have stated to you, you should make up your verdict."

An attorney in argument before a jury may draw or urge a legitimate inference or conclusion which the evidence warrants. The expression "road hog" is an expression in common use as applied to automobilists on the public roads, and means that they selfishly occupy portions of the road which belong to others. There is evidence that the defendant's truck had stopped on the highway in a lane of travel, and that a portion of the trailer attached thereto was to the left of the middle of the road. There was evidence that the truck with the trailer attached was, at the time, obstructing travel along the road, and a portion of it was on the left side of the road. There was at least some basis to authorize an argument that the defendant's truck and trailer were obstructing a traveled public

road. It can not be said therefore, conclusively and as a matter of law, that the argument by the plaintiff's counsel in which he stated that the defendant's trucks were the greatest road hogs in the State and a menace to human life, was such an unauthorized or overstated inference from the facts as to be unduly prejudicial to the defendant. Besides, the court instructed the jury to disregard any reference by counsel to the defendant being a "road hog," and to confine themselves strictly to the evidence in arriving at a verdict. There was no error in overruling the motion of the defendant to declare a mistrial.

While the verdict found by the jury, which was in the sum of $35,000, was large, this court can not say as a matter of law that, under all the circumstances, including the size of the verdict, that it was the result of gross mistake and undue bias and prejudice on the part of the jury. Where the deceased, for the value of whose life suit is brought, was a wife and a mother, the value of her life to the husband can not be measured by purely monetary standards. The value of the life, under all the evidence, is a matter entirely for the jury, and there being no evidence other than the size of the verdict from which it can be inferred that the verdict as rendered for $35,000 was the result of gross mistake, or undue prejudice or bias on the part of the jury, we can not conclude as a matter of law that the verdict rendered for the plaintiff was the result of gross mistake, undue bias, and prejudice on the part of the jury. *Holland* v. *Williams,* 3 *Ga. App.* 636 (60 S. E. 331); *S. A. L. Ry.* v. *Miller,* 5 *Ga. App.* 402 (63 S. E. 299); *Realty Bond & Mortgage Co.* v. *Harley,* 19 *Ga. App.* 186 (91 S. E. 254).

The evidence authorized the verdict for the plaintiff in the reduced amount of $15,000. The court did not err as respects the two grounds of the motion for new trial above considered. The judgment of the trial court in overruling the defendant's motion for new trial must be affirmed. It is ordered that the judgment of reversal in this case be vacated and that a judgment of affirmance be entered.

*Judgment affirmed. Sutton and Felton, JJ., concur.*