## 35562.   TAYLOR *v*. AUSTIN.

Decided May 18, 1955—Rehearing denied June 1, 1955.

*Moise, Post & Gardner, Walter P. McCurdy,* for plaintiff in error.

*Walter E. Baker, Jr., Carl T. Hudgins,* contra.

GARDNER, P. J. ■ As to the demurrers, the sole contention of the plaintiff in error is that neither count sets out a cause of action based on lack of ordinary care only, for which reason it was error to overrule certain demurrers to count 2 of the petition; and also error, as assigned in the 3rd special ground of the amended motion for new trial, to charge the jury that, in substance, the plaintiff alleges that the defendant was substantially benefited by carrying her to the doctor (which was the errand on which the women were engaged at the time of the collision), and owed her a duty to exercise ordinary care; and that, should the jury find from the evidence that the defendant received benefits substantial to herself by so doing, then they would apply the rule as to ordinary care which he then gave them in charge.

We think that these contentions are well taken. The rule, of course, is that a guest is a person gratuitously riding for his own benefit, whereas an invitee, to whom the duty of exercising ordinary care, as distinguished from slight diligence only, is owed, is one "whose presence in  .  .  .  the automobile is by invitation of the owner for the purpose of conferring some substantial benefit upon his host, that is, something more than merely affording him the pleasure of his company." *Nash v. Reed,* 81 *Ga. App.* 473 (59 S. E. 2d 259). In that case the act of the defendant's wife, who could not drive an automobile, in requesting the plaintiff to drive a defective automobile to the store for the mutual benefit of both in purchasing their respective groceries, constituted the plaintiff an invitee of the defendant to whom ordinary care was due. On the other hand, as in *Perry* v.

*Poss,* 86 *Ga. App.* 169 (71 S. E. 2d 283), where one who has already purchased groceries is driven home by one of the employees of the store, and it is not shown that the purchase was conditioned upon the ride, and the circumstances are as equally consistent with a mere gratuitous act on the part of the defendant as with an act which would confer a substantial benefit on the latter, the plaintiff has not carried the burden of showing a state of facts which would authorize a recovery on ordinary rather than gross negligence. Here no facts are alleged showing any legal obligation on the part of the defendant to care for her sister; but on the contrary it appears that her act in taking the sister into her home was predicated solely on moral responsibility, love and affection, and a feeling of gratitude for past favors. It further appears that the trip undertaken at the time the injuries occurred was solely for the benefit of the plaintiff in order that she might consult her doctor and receive treatment regarding her eyes. Under these circumstances, she was a gratuitous guest in the defendant's automobile. It follows that, while both counts set out a cause of action based on gross negligence, neither sets out a cause of action based on ordinary negligence on the theory that the plaintiff was the defendant's invitee on a mission for the purpose of conferring a substantial benefit on the defendant. It was accordingly error to overrule the demurrers to count 2 of the petition, pointing out this defect, and to charge the jury that they might, under certain circumstances, return a verdict for the plaintiff based on ordinary negligence only.

It follows that the evidence in the case, which substantially supported the allegations of the petition as hereinabove set out, did not authorize a general verdict for the plaintiff. In *Flint Explosive Co.* v. *Edwards,* 86 *Ga. App.* 404 (2) (71 S. E. 2d 747), it is held as follows: "Where one count in a petition alleges simple negligence, and one alleges wilful and wanton conduct, and the court in its charge authorizes a verdict on one or both counts, but the evidence does not authorize a verdict on the latter count, a general verdict for the plaintiff is illegal and cannot stand." Here, since it is impossible to tell from the verdict whether the jury found the defendant guilty of gross negligence or of ordinary negligence only, and since the charge of the court authorized a recovery in either event, but the pleadings

and evidence make a case under the gross-negligence theory only, it is necessary that a new trial be granted.

■ Special grounds 1 and 2 complain of alleged errors in the charge which are not likely to recur, and are not specifically passed upon. The error assigned in the first special ground, to the effect that the court's language might have confused the jury into believing that gross negligence was *the same as* slight diligence, rather than *the absence of* slight diligence, was undoubtedly inadvertent and may have been cured by other portions of the charge, Special ground 2, further, is not so complete within itself as to require consideration by this court, in that the evidence referred to therein is not incorporated in this ground of the motion.

Although the ruling of the trial court was proper on the general demurrers to both counts of the petition, the trial judge erred in his ruling on certain of the special demurrers to count 2 of the petition, which in effect called on the court to construe it as a gross-negligence count instead of an ordinary-negligence count, as set forth in the first division hereof. Had the court done so and held count 2 to be a gross-negligence count, the subsequent error in the charge, submitting ordinary negligence to the jury, would not have occurred. This error having been assigned in the amended motion for new trial, the denial of such motion was also error. These errors require a reversal.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*