39775.   BAYNES v. McELRATH et al.

Decided October 31, 1962.

*Jere F. White,* for plaintiff in error.

*William A. Ingram, Harvey, Tillman & Johnson,* contra.

FELTON, Chief Judge. ■ The first special ground of the amended motion for a new trial assigns as error the following excerpt from the charge: "Now lady and gentlemen, there are different degrees of care required as to various parties in this case, and the court will attempt to give you in charge definitions of these degrees of care and to whom they apply as to the parties in this case. The plaintiff in this case, of course, was under a duty to exercise ordinary care for his own safety at the time, and if by the exercise of ordinary care he could have avoided the negligence of these defendants, then he would not be entitled to recover in this case."

A charge as to the plaintiff's possible negligence was not authorized because the evidence showed that the plaintiff had assumed no right to control, direct or govern the automobile and that he did not bring about his injury by any act or omission to act on his part. *Wade v. Drinkard,* 76 Ga. App. 159, 166 (7) (45 SE2d 231). The only duty the plaintiff, as a passenger, might have had was that of warning the driver when he saw an impending danger which the driver might not have seen, and the evidence shows that he did this.

The charge was erroneous also because it gave the impression that if, by the exercise of ordinary care, the plaintiff could have avoided the negligence of either one of the defendants, then he would not be entitled to recover at all in the case. This is not a correct statement of law because, certainly, if he could have avoided the negligence of one defendant by the use of ordinary care and not that of the other defendant, he would still be entitled to recover from that defendant whose negligence he could not have avoided by the use of ordinary care. The instruction as to different degrees of care being required as to various parties in the case is erroneous for the reason stated in Division 2 of this opinion, but is unlikely to recur in another trial because of our ruling herein. The charge was therefore erroneous and special ground number 1 was meritorious.

■ Special grounds numbered 2, 3, 4 and 5 all complain of portions of the charge which instructed the jury that the only way it could find against the defendant McElrath was to find that he had been guilty of gross negligence. The degree of care owed by de-

fendant McElrath, as the driver of the automobile, to the plaintiff, his passenger, depends upon whether the plaintiff was an invitee, which would require ordinary care, or a guest, in which case a recovery would be authorized by gross negligence on the part of the defendant.

"An invitee in or upon an automobile, to whom the owner or operator thereof owes the duty of exercising ordinary care for his safety, is one whose presence in or upon the automobile is by invitation of the owner or operator for the purpose of conferring some substantial benefit upon his host, that is, something more than merely affording the host the pleasure of the guest's company." *Nash v. Reed,* 81 Ga. App. 473 (2) (59 SE2d 259). This court held, in *Fountain v. Tidwell,* 92 Ga. App. 199 (5) (88 SE2d 486), that "Where a share-the-expense ride in a motor vehicle is prearranged by a legally enforceable agreement, such a situation makes the passenger a passenger for hire and not a guest, and requires ordinary care on the part of the operator of the motor vehicle."

The testimony in the case at bar shows that the plaintiff and defendant McElrath had been alternating, for some months, in driving each other to work in their own automobiles, one taking his automobile one week, the other taking his the next week. Under their arrangement, whenever one of them could not take his automobile on any given day, the other one would supply the transportation, with the ride being "repaid" by reciprocation later. The only apparent distinction between the *Fountain* case and this one, with regard to the status of the passengers, lies in the fact that the consideration or substantial benefit in the former case consisted of a cash payment rather than a reciprocal driving agreement, as in the present case. This "car pool" agreement enabled each party to take his car to work only half as many times as would otherwise be necessary and this was a substantial benefit to both parties. The fact that the benefit did not accrue to the driver until the next week, when he became the passenger, does not alter the fact that a substantial benefit was being conferred, for without the passenger's riding in the car, the arrangement could not operate. Although there is nothing in the record to show that the agreement was binding on the parties, or that it

was anything more than an arrangement for convenience only, it was apparently as enforceable as the one in the *Fountain* case, supra, and the facts show that the parties were operating under this arrangement at the time of the collision. Accordingly, the plaintiff was, at the time of the collision, an invitee as to defendant McElrath, and the court erred in charging that the plaintiff must prove gross negligence to recover damages as against him. Special grounds 2, 3, 4 and 5 are therefore meritorious.

For the reasons stated in Divisions 1 and 2 of this opinion, the court erred in its judgment overruling the motion for a new trial.

*Judgment reversed. Bell and Hall, JJ., concur.*