## 40572. CHATHAM v. TEXACO, INC.

DECIDED MARCH 20, 1964.

*James A. Bagwell,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, James H. Moore,* contra.

PANNELL, Judge. The exception here is to the order of the trial court sustaining the defendant's general demurrer to the plaintiff's petition. Plaintiff alleged that she was the owner of certain premises located in Chamblee, Georgia, which had

thereon improvements consisting of a service station erected and maintained for the dispensing of gasoline, oil and services incidental to the operation of a gasoline service station; that the defendant occupied the premises from October, 1955, until February 26, 1961, through a written lease, a copy of which was attached as an exhibit to the petition; that the defendant had subleased the premises to one Larry B. Berrong, who was operating the service station; that on February 26, 1961, "defendant through its sublessee" was in the process of draining gasoline from several automobiles into an open container in an enclosed area on the premises; that the fumes from the gasoline permeated the enclosed area and were carried by drafts of air to a gas furnace which was suspended overhead and in operation and which ignited the fumes causing the explosion and resulting fire which depreciated the market value of the plaintiff's building in the amount of $10,000. In addition to the foregoing allegations the plaintiff alleged that "the draining operation herein . . . described was under the sole and exclusive control, management and direction of defendant, [its] servants, agents, employees and sublessees," and that "defendant, through its servants, agents, employees, and sublessees, [was] negligent in the manner of draining the gasoline" with the result that it exploded and enveloped the premises in flames; and that the negligent acts of the defendant's servants, agents, employees, and sublessees were "attributable" to the defendant.

Petitioner alleged that there were in existence at the time in question regulations promulgated by the Georgia Safety Fire Commissioner pursuant to the provisions of Ga. Laws 1949, pp. 1057, 1063, which regulations have the force and effect of law; that these regulations were applicable to the defendant in its operation of draining the gasoline in question; that the defendant failed to abide by them and such failure amounted to negligence per se, and the negligence of the defendant was the proximate cause of the damage to plaintiff's property. The court sustained the general demurrer on the theory that the only way the defendant would be liable in this case would be if the plaintiff could show that it was negligent in entering into the sublease or that the sublessee was an agent of the defendant, and that neither was alleged.

While one way in which agency may be pleaded is to allege by a direct simple statement that the defendant, by its agent, committed the alleged wrongful act, and as against a general or special demurrer such allegation would be sufficient, *Gilmer v. Allen*, 9 Ga. 208 (4), *Lewis v. Amorous*, 3 Ga. App. 50, 53 (1), (59 SE 338), *Conney v. Atlantic Greyhound Corp.*, 81 Ga. App. 324, 327 (1) (58 SE2d 559), and while general allegations of negligence are sufficient as against a mere general demurrer, *Pullman's Palace-Car Co. v. Martin*, 92 Ga. 161, 162 (18 SE 364), yet, these rules must be considered in connection with the basic rules as to the construction of pleadings on demurrer in order to determine what is alleged.

"It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Krueger v. MacDougald*, 148 Ga. 429 (1) (96 SE 867). Where pleadings do not make distinct and positive allegations but are couched in ambiguous or uncertain expressions, on demurrer they will be given the construction most unfavorable to the pleader. *Baggett v. Edwards*, 126 Ga. 463 (1) (55 SE 250). Mere conclusions add nothing to the facts alleged. *Thomas v. Georgia Granite Co.*, 140 Ga. 459 (79 SE 130). A conclusion must yield, on demurrer, to the particular facts shown if inferences therefrom contradict the conclusion. *Moore v. Seaboard Air-Line R. Co.*, 30 Ga. App. 466 (118 SE 471). In such a case, the petition must be construed in the light of omissions as well as averments. *Washburn Storage Co. v. General Motors Corp.*, 90 Ga. App. 380, 385 (83 SE2d 26). The petition in the present case, in its more particular averments, alleges that the "defendant through its sublessee" was in the process of draining the gasoline, from which action the destruction of the building occurred. This could mean only one person, Larry B. Berrong, as he was the only one the petition had alleged to be a sublessee. Construing this allegation most strongly against the pleader, it means that only one person was engaged in the process of draining the gasoline, and that

person was Larry B. Berrong. The other allegations following describe the draining operation as being under the exclusive control, management and direction of defendant, "its servants, agents, employees and sublessees," and this same language is subsequently used in charging negligence. If this language should be construed to mean that there were other persons involved in draining the gasoline in addition to the one sublessee, there is a conflict in the allegations of the petition. Under these circumstances, the petition must be construed as alleging that the sublessee only was engaged in the negligent act. These additional allegations certainly cannot be construed as alleging that the sole sublessee was also a servant, agent and employee of the defendant. To do so, we must infer that this is what the pleader meant, even though it is not what the pleader said. If the sublessee was a servant, agent or employee of the defendant, it could have been said so in very simple language. This was not done. If there were other persons acting for the defendant in draining the gasoline, this could very easily have been alleged with simple language. It was not done. We do not feel that it is the function of this court to assist a plaintiff in drafting his pleadings by adding favorable inferences thereto. The sublessee, not being an agent or servant or employee of the defendant as a matter of law, Larson v. Henriksen, 57 N.D. 109 (220 NW 641, 59 ALR 543), Mortimer v. Natapow, 14 NYS2d 971, 976, Becker v. Manufacturers Trust Co., 30 NYS2d 542, 544 (262 App. Div. 525), the petition sets forth no cause of action.
*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*