45010.   WRIGHT, Administratrix v. DILBECK et al.
45020.   SOUTHERN RAILWAY COMPANY v. DILBECK et al.

PANNELL, Judge. Michael W. Dilbeck, individually, and Michelle Ann Dilbeck, a minor, suing by and through her father and next friend, Michael W. Dilbeck, brought an action against Southern Railway Company and Rhoda Lee Wright, administratrix of the estate of John R. Wright, Jr., deceased, in which it was alleged that Mrs. Rebecca Ann Dilbeck, the wife of Michael W. Dilbeck and mother of Michelle Ann Dilbeck, was killed in a railroad crossing collision on. November 2, 1966, in Cobb County, Georgia, at Mableton, where the defendant's railroad line crosses at grade on Church Street. At the time of the collision, Mrs. Rebecca Ann Dilbeck was riding in a Ford automobile driven by John R: Wright, Jr. It was alleged that the collision was caused by the combined negligence of the defend-

ant Southern Railway Company and the negligence of the driver, John R. Wright, Jr. John R. Wright, Jr., and Mrs. Rebecca Ann Dilbeck were killed as a result of the collision. The plaintiff sought damages for the full value of the life of the wife and mother. The defendant, Rhoda Lee Wright, as administratrix of the estate of John R. Wright, Jr., filed an answer denying the allegations of negligence as to John R. Wright, Jr., and alleging the collision was caused solely and proximately by the negligence of the Southern Railway Company and asserted a cross claim against the Southern Railway Company seeking to recover for pain and suffering of John R. Wright, Jr., and funeral expenses. Southern Railway Company answered, denying any negligence on its part and set up various defenses including a contention that the collision was caused solely and proximately by the negligence of the driver of the automobile. Southern Railway Company also denied the allegations of the cross claim. Upon the trial, which commenced January 27, 1969, and concluded on February 1, 1969, the jury returned a verdict in favor of the plaintiffs in the amount of $202,800 against the defendants Southern Railway Company and Rhoda Lee Wright, as administratrix, and in favor of plaintiff, Michael W. Dilbeck, in the amount of $1,650 against the same defendant; the jury, however, returned a verdict in favor of the defendant Southern Railway Company on the cross action brought by the defendant Rhoda Lee Wright, as administratrix. Both defendants filed motions for new trial and motions for judgments notwithstanding the verdict, both of which were overruled and separate appeals were filed in this court. *Held:*

*Southern Railway Company Appeal* 1. The trial court did not err in refusing to permit the appellant to prove that the plaintiff had remarried subsequently to the death of the wife, as the subsequent marriage of the husband will not change the measure of damages to which he was entitled when his right of action accrued. See *Ga. R. & Bkg. Co. v. Garr,* 57 Ga. 277 (1, 2) (24 AR 492). It does not appear that this evidence was necessary to explain or shed light upon any other phase of the case. This circumstance alone, that is, the fact of the remarriage of the husband, is therefore immaterial to the case.

2. There was no harmful error in refusing to admit evidence to show that the deceased, Mrs. Dilbeck, had filed suit for divorce against the plaintiff, Michael Dilbeck, and in refusing to admit in evidence a certified copy of the divorce proceedings as this evidence could in no way reduce the measure of damages, nor the damages recoverable, as the husband and child are entitled under the statute to recover the full value of the life of the deceased wife and mother; nor was this evidence admissible to disprove the following allegations of the petition: "After her marriage the said Mrs. Dilbeck in addition to her usual household duties and the companionship, love and affection furnished to her husband and family . . ." See Willitt v. Purvis, 276 F2d 129; *Killian v. Augusta & Knoxville R. Co.,* 79 Ga. 234 (6) (4 SE 165, 11 ASR 410); *Central of Ga. R. Co. v. Bond,* 111 Ga. 13 (3) (36 SE 299).

3. There was no error in admitting into evidence photographs, one of the mangled body of the deceased Mr. Wright, and one of Mrs. Dilbeck hanging out of the automobile, as the pictures tended to prove certain allegations of the pleadings relating to which of the deceased parties was driving, the force with which the locomotive struck the automobile in which Mr. Wright and Mrs. Dilbeck were riding, as well as the fact that the locomotive dragged the body of the deceased Mr. Wright a considerable distance. See in this connection *Curtis v. State,* 224 Ga. 870 (165 SE2d 150). While counsel for the plaintiffs commented to the jury on the nature of the pictures, no objection was made to these statements and these statements cannot make the introduction of the pictures erroneous.

4. Evidence as to collisions that have occurred on this particular crossing on several other occasions prior to the present occurrence and one subsequent thereto was admitted for the purpose of consideration as to whether or not the crossing was dangerous, and whether the railway had notice thereof and whether the railway under the circumstances had been negligent in failing to have crossing gates, or a watchman, or automatic warning devices to warn of the approach of a train at the crossing, and the jury were so instructed that the evidence was admitted for this purpose.

It was held in *Williams v. Slusser,* 104 Ga. App. 412 (5) (121 SE2d 796): " 'The general character of the parties, and especially their conduct in other transactions, are irrelevant matter . . .' *Code* § 38-202. 'In actions for damages for injuries sustained in an automobile accident alleged to have been caused by the negligence of the defendant, the issue before the court is the negligence or non-negligence of the defendant at the time and place of the accident. 45 CJ 1246, § 809. And each transaction must be ascertained by its own circumstances, and not by the reputation or character of the parties. 20 AmJur 300, § 319. It is a general rule that in a suit for negligence, evidence of similar acts or omissions on other and different occasions is not admissible. *Hollomon v. Hopson,* 45 Ga. App. 762, 765 (8) (166 SE 45).' *Hawkins v. Benton Rapid Express,* 82 Ga. App. 819, 828 (62 SE2d 612)." See also *Ga. R. & Bkg. Co. v. Walker,* 87 Ga. 204 (2) (13 SE 511); *Butler v. Central of Ga. R. Co.,* 41 Ga. App. 115 (5) (151 SE 834); *Central of Ga. R. Co. v. Ross,* 107 Ga. 73 (32 SE 904).

However, the evidence here does not come within such ruling, as evidence of similar accidents given to illustrate the physical facts and that conditions are the same or similar is admissible for that purpose. See *Louisville & N. R. Co. v. Bean,* 49 Ga. App. 4, 5 (174 SE 209). See also *City of Augusta v. Hafers,* 61 Ga. 48 (34 AR 95) (3). It is stated in 75 CJS 140, Railroads, § 847, that: "Proof of other accidents or near accidents at the same crossing at other times under the same or similar circumstances may be admitted for the purpose of showing the existence of dangerous conditions at the crossing and knowledge thereof on the part of the defendant. So also, as bearing on negligence in failing to maintain a watchman, gates, or an electric alarm bell, evidence as to the practice of running passenger trains at a high rate of speed over the crossing, on a down grade, is admissible, in connection with evidence as to the conditions on the question of whether it was unusually dangerous," and in *Ga. Cotton Oil Co. v. Jackson,* 112 Ga. 620 (4) (37 SE 873), it was held: "When the parties to an action on trial were at issue as to whether or not a machine by which the plaintiff had been injured was, at the time he was hurt, out of order and operating in a dangerous manner, evidence tending

to show that shortly thereafter, and while in substantially the same condition, this machine operated in a similar manner, and by so doing injured other persons, was relevant."

It appears, therefore, that evidence meeting the standard, even of subsequent accidents, may be admissible for the purpose of showing the dangerous condition, although obviously not admissible for the purpose of showing *notice* of such dangerous condition prior to the accident under investigation. In order for such evidence to be admissible, however, it must appear that the physical conditions at the crossing on the other occasions were substantially similar to those at the time of the collision under investigation.

Some of the evidence objected to in the present case failed to meet this requirement; however, since the present case is being reversed on other grounds, we deem it sufficient to call attention to these factors so that on the subsequent trial of the case, the trial judge may limit the evidence to meet the standards herein set forth.

5. The trial court charged the jury as follows: "Ladies and Gentlemen of the jury, I charge you that Georgia Code § 4-309 provides as follows: 'Notice to the agent of any matter connected with his agency shall be notice to the principal.' " This charge was objected to on the ground that it "was not adjusted to any issues in the charge [sic] and would be confusing to the jury and prejudicial to defendant railroad company." This was an insufficient objection to the charge (*U. S. Security Warehouse, Inc. v. Tasty Sandwich Shop,* 115 Ga. App. 764 (156 SE2d 392)), nor was this charge subject to the objection, not made but argued in the brief, that it was equivalent to charging the jury that notice to *any agent* of the alleged dangerous nature of the railroad crossing would be notice to the company, as the trial judge immediately thereafter charged as follows: "In this connection, I charge you that if the defendant, Southern Railway Company, had any agents or employees who had notice of any facts or circumstances material to the issues of this case, which notice was learned or discovered within the scope of their agency or employment, such notice to said agents or employees would be notice to Southern Railway Company."

6. Generally, the party having the burden of proof in the case has the right to open and conclude any argument to the jury (*Massengale v. Pounds,* 100 Ga. 770 (28 SE 510), and it is error for the trial court to refuse to give the party having such right the privilege of doing so. The Dilbecks, as plaintiffs, had the burden of proof against both Wright and the Southern Railway Company, and therefore had the right to open and conclude against both. Wright also was the plaintiff in a cross claim against the Southern Railway Company and had the right to open and conclude as to that claim against Southern Railway. In accordance therewith, the trial court scheduled the argument as follows: Dilbeck, Wright, Southern Railway, Wright and Dilbeck. The trial court under such circumstances as those here has considerable discretion in determining the order of argument (*Hines v. Donaldson,* 193 Ga. 783 (20 SE2d 134)), and we find no abuses of such discretion here because Wright was given two arguments whereas Southern Railway only got one argument. Wright was entitled to open and conclude as against Southern Railway and therefore entitled to two arguments and the order of the arguments in no means and in no way denied Southern Railway any right it had.

7. There was no error in refusing to admit in evidence appellant's exhibit SR-37 being a certified transcript of the minutes of the Georgia Public Service Commission of April 8, 1919, prescribing the type of sign to be erected and used at all crossings of railroads by a public highway, where such minutes and the requirements thereof were not pleaded by the appellant. *Reeves v. Morgan,* 121 Ga. App. 481 (174 SE2d 460).

8. There was no error in allowing counsel for the plaintiff in his closing argument to the jury to write figures on a blackboard regarding the dollar figure of services rendered by the deceased Mrs. Dilbeck, even through there was no specific evidence as to such value of the services. "The courts have long recognized that the value of domestic services by a member of a family is incapable of exact proof, and that jurors may determine the value from the fact of relationship, family circumstances, living conditions, and their own observations and experience. See *Ga. R. & Power Co. v. Shaw,* 25 Ga. App. 146 (3) (102 SE

904); *Blue's Truck Line, Inc. v. Harwell,* 57 Ga. App. 136, 139 (7) (194 SE 399), reversed for other reasons, 187 Ga. 78 (199 SE 739)." *Jordan v. Clark,* 119 Ga. App. 18, 20 (165 SE2d 922).

9. There was no error in charging the jury "that a railroad company is not liable for injury simply because at the time it was occasioned the train causing the same was being operated in a negligent manner." This was a correct charge and of benefit to the appellant and it did not express or intimate an opinion that the appellant's train was being operated in a negligent manner.

10. Error is enumerated on the following charge: "In estimating the value of the services of the wife and mother, she is not to be considered as an ordinary servant or as a mere hireling. She sustains to her husband and her child and their household a relation special and peculiar. Her place cannot be supplied, and no person is capable of filling it. Her position is that of a wife and mother and the services performed by a wife and mother are invaluable and incapable of exact proof. The value of the services of a wife and mother may be be determined from the fact of relationship, and all of the facts and circumstances of the family, the living conditions, and from the jury's own experience and knowledge of human affairs." This charge is obviously harmful error. The charge is apparently an extract from the opinion of this court in *Blue's Truck Line, Inc. v. Harwell,* 57 Ga. App. 136, 139, supra, where this court was presenting its argument and discussion as to why an entirely different charge was not error. While charging a principle of law enunciated in an opinion may be proper, it is not proper to present the argument in discussions of the court in a charge to the jury. See in this connection *Slater v. Dodd,* 108 Ga. App. 879, 880 (134 SE2d 848); *Parks v. Fuller,* 100 Ga. App. 463, 474 (111 SE2d 755).

11. The charge to the jury that "one approaching a railroad crossing is not *as a matter of law* negligent in running over the crossing unless he is aware of the approach of a train" has been held to be a correct charge in *Ansley v. Atlantic C.L.R. Co.,* 86 Ga. App. 152, 154 (71 SE2d 434), although the authority cited therein does not sustain the ruling. In our opinion, if the charge is intended to apply to negligence per se as held in

the above case, it would be less confusing and more correct to charge that one approching a railroad crossing is not guilty of negligence per se in running over the crossing unless he is aware of the approach of a train.

12. A witness was asked the following question and gave the following answer: "Q. And then on, let's see. July 14, 1966, I believe that at said crossing, a Mrs. Thelma D. Gibson was killed on this crossing, was she not? A. I don't know." This evidence was objected to on the ground that "it concerns a collision at a time other than the one that is the subject matter of the action and involved different people and is not pertinent to any issues in the trial." The original brief consisted of a statement of what occurred and argued that "the court erred." In the briefs filed in this court, the appellant argues an entirely different question, that is, that the court permitted the attorney for the appellee to infer that Mrs. Gibson was killed at this crossing. The only objection which was made to this evidence not being argued it will be considered as abandoned and the only objection argued being one not passed upon by the trial judge will not be considered by this court. *Black v. Aultman,* 120 Ga. App. 826 (4) (172 SE2d 336). Nor was there error in overruling a motion for mistrial made on the same grounds as argued, that is, that appellees never proved that Mrs. Thelma D. Gibson was killed at the crossing and therefore left with the jury the inference that she was, as the testimony of this same witness showed that Mrs. Gibson was not killed.

13. While being examined by the plaintiffs, the engineer of the train involved in the collision was asked the following questions and gave the following answers in reference to the crossing where the collision occurred: "Q. Of course, the optimum of what you would like to have is not to have one in a curve but in a straightway where you could see it in a further distance, isn't that true? A. There really should be some warning signals at that crossing. Q. Yes, sir. Do you know why they haven't put any warning signals there? A. No, sir, I do not. Q. But for safety there should be warning whistles? A. That is what I would think. Q. Mr. Robertson, one reason that you know that this is a dangerous crossing is because you have been in-

volved in another accident on that same crossing, isn't that true, among others? A. Well, just the end of a car one day. A lady broke down on that crossing, stalled on the crossing and left the car. Q. You don't know of any other as dangerous as this, do you, between Atlanta and Birmingham? I mean because of the curve both ways there at Mableton? A. Well, it is about the most dangerous crossing according to the traffic that there is on it. We have other crossings just as dangerous, but it is not near as much traffic over it." The appellant contends that the evidence objected to constituted opinion evidence that the appellant was guilty of the acts of negligence relied on for a recovery and cited as authority the cases of *Cone v. Davis,* 66 Ga. App. 229 (17 SE2d 849) and *Corley v. Russell,* 92 Ga. App. 417 (88 SE2d 470). Compare, *Fincher v. Davis,* 27 Ga. App. 494 (4) (108 SE 905). Whether or not some of the questions and answers may come within the ruling in these cases it is not necessary to decide as some of the questions and answers clearly do not do so, such as the second, fourth and fifth questions and answers. A part of the evidence objected to not being subject to the objection made, the enumeration of error on the admission of such evidence is without merit. *Brunswick & B. R. Co. v. Hoodenpyle,* 129 Ga. 174, 175 (58 SE 705).

14. (a) There was no error in charging the jury the contentions of the plaintiff relating to various acts of alleged negligence on the part of the appellant. The charges clearly reflect that they were merely the charge of contentions of a party. See in this connection *Young Men's Christian Assn. v. Bailey,* 112 Ga. App. 684, 696 (146 SE2d 324).

(b) Nor was there any error in charging the jury in reference to the contentions as to negligence set forth in the pleadings of the plaintiff, as there was evidence which might have supported such allegations. See *Ga. Northern R. v. Hathcock,* 93 Ga. App. 72 (91 SE2d 145). While it was ruled in *Southern R. Co. v. Riley,* 57 Ga. App. 26, 27 (194 SE 422): "There being no obligation by law resting on the railroad company to have on the side of the public road adjacent or near the railroad tracks any warning sign or metal substance which would reflect the lights of an approaching automobile and warn the driver of the dan-

ger of the presence of the railroad crossing, it is not negligence on the part of the defendant railroad company to fail to have erected such sign," such a ruling, if construed to apply to common-law negligence rather than negligence per se, is not in accord with previous decisions of this court (see *Pollard v. Savage,* 55 Ga. App. 470, 473 (190 SE 423) and cases cited therein), but where as in the present case there is evidence which would support a finding that the crossing involved was an unusually dangerous crossing and much traveled, and that this was known to the railroad company, the jury was authorized to find that in the exercise of ordinary care, the railroad should have installed one or more of the following: (a) a watchman, (b) a gate, (c) light signals, or other means of warning persons using the crossing of the approach of the train. See also *Central of Ga. R. v. Dumas,* 44 Ga. App. 152 (6) (160 SE 814), in which it was said: "It appearing from the evidence that the crossing was on a public street of a city and that many people crossed there, it was not error prejudicial to the defendant for the court to charge the jury that one of the contentions of the plaintiff was that although the crossing was on a public street of a large city where many people were constantly crossing, the defendant maintained no kind of device or means of guarding or warning the people against going upon the crossing while trains were approaching."

15. There was no error in charging the duty of railroads to keep their right of way clear of obstructions at crossings as there was evidence in the case from which the jury could have found that boxcars upon the railroad tracks obstructed the view on the approach to the crossing.

16. The court gave the following charge: "That where a railroad crossing is in a populous locality and is much used by the public, but the same is not within the limits of an incorporated city or town and is part of a public road established pursuant to law, what rate of speed in approaching and running over such crossing would be negligence, and what signals ordinary care would require to be given, are matters to be determined by you according to the circumstances of this case." This was objected to on the ground that what signals are required by the

railroad outside the limits of an incorporated city or town are prescribed by statute and it should not be left to the jury to determine what signals would constitute ordinary care. "An act or omission may amount to negligence under the particular facts and circumstances, although there is no statute so declaring." *W. & A. R. v. Reed,* 35 Ga. App. 538, 540 (134 SE 134). The charge was not subject to the objection made.

17. "Under Section 17 of the Appellate Practice Act of 1965 as amended by Section 9 of the Act of 1968 (Ga. L. 1965, pp. 18, 31; Ga. L. 1968, pp. 1072, 1078; *Code Ann.* § 70-207) it is necessary that an appellant make proper objection to a charge as given or to a request refused and state the grounds therefor before the jury returns its verdict. The mere exception to a failure to give a numbered request to charge fails to meet this requirement. *U. S. Security Warehouse, Inc. v. Tasty Sandwich Co.,* 115 Ga. App. 764 (1) (156 SE2d 392). 'To be reviewable the objection must be unmistakable in its purport in directing the attention of the trial court to the claimed error and must point out distinctly the portion of the charge challenged. The grounds of error urged must be stated with sufficient particularity to leave no doubt as to the portion of the charge challenged or as to what the specific ground of challenge is. The grounds of error urged must fully apprise the court of the error committed and the correction needed to cure the error.' *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393)." *Black v. Aultman,* 120 Ga. App. 826 (1) (172 SE2d 336). It follows that the exceptions to charges and the refusal to charge complained of in enumerations of error numbers 36, 40, 41, 42, 43, 44, 45, 46, and 47 will not be considered on this appeal.

18. The evidence was sufficient to authorize the verdict and there was no error in overruling the motion for judgment notwithstanding the verdict; however, the trial court erred in overruling the motion for new trial for the reasons stated above.

19. Other enumerations of error not herein specifically dealt with are either without merit or are such as are not likely to occur on the trial of another case or were not properly presented for review.

*Rhoda Lee Wright Appeal.* 1. A passenger becomes an invitee to

which a driver can be liable for ordinary negligence only if the presence of the passenger bestows a substantial benefit upon the driver, that is, something more than merely affording the host driver the pleasure of the guest's company. *Baynes v. McElrath,* 106 Ga. App. 805, 806 (128 SE2d 348). One who has previously bestowed a benefit upon the driver but whose presence as a passenger was not an exchange for or a necessary condition to a prior benefit is not an invitee by reason of a prior benefit. *Perry v. Poss,* 86 Ga. App. 169 (71 SE2d 283). See also in this connection *Fountain v. Tidwell,* 92 Ga. App. 199, 204 (88 SE2d 486); *Taylor v. Austin,* 92 Ga. App. 104 (88 SE2d 190). The appellant relies upon these cases and particularly upon *Perry v. Poss* to sustain his contention that the evidence failed to show that Mrs. Dilbeck occupied the position of an invitee in the automoble driven by Mr. Wright. It may be well to note that the decision in *Perry v. Poss* does not deal with inferences from evidentiary facts proven, but deals solely with facts alleged in pleadings prior to the present Civil Practice Act. At that time, a petition was required to state all the facts necessary for a cause of action, including ultimate factual conclusions from the facts alleged, if that conclusion was a necessary ingredient of a cause of action. *E. T. Barwick Mills v. Stevens,* 109 Ga. App. 248, 249 (136 SE2d 28); *Chatham v. Texaco, Inc.,* 109 Ga. App. 419 (136 SE2d 489). "A petition, 'which merely recites the proof, from which the fact intended to be put in issue may be inferred, is defective. It should positively affirm or deny the truth or falsehood of the matter in dispute.' *Wright v. Hicks,* 15 Ga. 160 (3). 'It is not enough to aver facts from which the ultimate fact may be inferred, unless the *evidentiary facts pleaded* are such as to demand the inference of its existence. . . *Wright v. Hicks,* 15 Ga. 160 (3) (60 AD 687); *Charleston &c. R. Co. v. Augusta Stockyard Co.,* 115 Ga. 70 (41 SE 598); *Maynard v. Armour Fertilizer Works,* 138 Ga. 549 (5) (75 SE 582); *Davis v. Arthur,* 139 Ga. 75 (4) (76 SE 676); *Gardner v. Western Union Tel. Co.,* 14 Ga. App. 403 (4) (81 SE 259); *Martin v. Greer,* 31 Ga. App. 625 (2) (121 SE 688); *Weems v. Albert Pick & Co.,* 33 Ga. App. 580 (1b) (127 SE 819); 31 Cyc. 48. The difference between a necessary allegation in a declara-

- tion and the evidence which may be sufficient to sustain such allegation is clear. *Kendall v. Wells,* 126 Ga. 343, 350 (55 SE 41); *Kirkland v. Brewton,* 32 Ga. App. 128, 131 (9) (122 SE 814).' *Bivins v. Tucker,* 41 Ga. App. 771, 774 (154 SE 820)." *Frist v. U. S. 5 & 10¢ Stores,* 110 Ga. App. 237, 242 (138 SE2d 186). The decision of *Perry v. Poss* must, therefore, be construed in the light of these rules and when so construed, it may be safely said that the facts alleged therein did not demand a finding that a substantial benefit was bestowed upon the driver of the vehicle, although that decision is not authority that such facts, when proved by evidence, did not *authorize* such a conclusion. In this case, we are dealing with evidence and authorized inferences rather than inferences which are demanded as was required when dealing with pleading. We, therefore, arrive at a different result under the evidence as to authorized inferences than was arrived at in *Perry v. Poss* under the old rules relating to pleading and the requirement there for a demanded inference, or the application of the unfavorable inference rule. The evidence was sufficient to authorize a finding that Rebecca Ann Dilbeck was either an invitee or a guest passenger in the automobile driven by John R. Wright, Jr. The trial court did not err in submitting such issue to the jury as a different degree of diligence was required of John R. Wright, Jr., depending upon whether Mrs. Dilbeck was an invitee or a guest passenger.

2. Enumerations of error 2, 3 and 4 are controlled by the ruling in Division 14 (a) of the Southern Railway Company appeal.

3. The charge complained of in enumeration of error number 5 is the same charge complained of by Southern Railway in its appeal and disposed of in Headnote 10 of that portion of the opinion. This charge is also error as to the appellant here and requires the grant of a new trial.

4. The trial court did not err in charging the jury that a violation by the driver Wright of paragraphs (a) and (c) of Section 48 of the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 556, 577, 578; *Code Ann.* § 68-1626 (a) and (b)) would be negligence per se (see *Anderson v. Williams,* 95 Ga. App. 684 (98 SE2d 579); *Grayson v. Yarbrough,* 103 Ga. App. 243 (119 SE2d 41); *Teague v. Keith,* 214 Ga. 853 (108 SE2d

489)), and this is true whether the negligence charged is ordinary negligence or gross negligence. See in this connection *Atlantic C. L. R. Co. v. Coxwell,* 93 Ga. App. 159 (6) (91 SE2d 135).

5. Error is enumerated on the charge that the appellant could recover on her cross claim against the railroad company only on the acts of negligence alleged in her cross claim. Whether or not such a charge may be error, since specifications of negligence are not now required in pleading, it is not necessary to decide, as such charge, if error, is harmless error here, as it is not shown or contended that the evidence disclosed any negligence other than that alleged and specified. Nowhere in the brief where this point is argued is there pointed out to this court any evidence which it is contended authorizes a recovery on some other ground of negligence. It is a duty of the appellant to show harmful error. None is shown as to this enumeration of error.

6. Error is enumerated on the following charge: "I charge you that no law of this State imposes upon a railroad engineer an absolute duty to have his engine under such control, when approaching a crossing, that he can bring it to a stop in order to avoid injury to any person at a crossing. No absolute duty is placed upon him by the provision in the law providing that a railroad engineer shall otherwise exercise due care in approaching a crossing, in order to avoid doing injury to any person or property which may be on the crossing." This charge set forth a correct abstract principle of law. See in this connection *Attaway v. Morris,* 110 Ga. App. 873 (5) (140 SE2d 214), where a similar charge relating to corollary duties of a motorist was held not erroneous. Whether or not the trial judge in connection therewith and immediately following should have in addition charged that the engineer "shall otherwise exercise due care in approaching a crossing, in order to avoid doing injury to any person or property which may be on the crossing and it is for the jury to determine what amount of care under the circumstances is in compliance therewith," while presented by argument in the brief of the appellant, was not an objection to the charges made in the lower court and will not be considered here. *Black v. Aultman,* 120 Ga. App. 826 (4), supra.

7. "Another instruction excepted to was to the effect that if the plaintiff could by the exercise of ordinary care have avoided the consequences to himself of the defendant's negligence, if the defendant was negligent, there could be no recovery. This instruction was in effect the language of the Civil Code, § 4426 [Code of 1933, § 105-603], and was not erroneous 'in not limiting the plaintiff's negligence which would be a complete bar to a recovery to that which occurred after the defendant's negligence became apparent to the plaintiff, or should have been reasonably apprehended by him.' " *Collum v. Ga. R. &c. Co.,* 140 Ga. 573 (2) (79 SE 475). Accordingly, the charge of those provisions of that Code section in the present case was not subject to such an objection.

8. Charges to the jury "that where the view or hearing of a motorist approaching a railroad crossing is obstructed, *he is under the duty of using greater care and prudence in looking and listening for approaching trains than where there is no obstruction,*" and "if you find that obstructions hindered the view of Mr. Wright in his approach up until he reached the principal point of danger, located on the track, *the precautions required of him in order to meet the standard of ordinary care increased as he approached the danger point,*" were error, in that they invaded the province of the jury. " 'The duty at common law of a driver of an automobile, relatively to persons and property on the highway, is to exercise ordinary care to avoid injuring them. . . The standard of ordinary and reasonable care is invariable, such care being that of every prudent man . . . But the care of a prudent man varies according to the circumstances, dependent upon the degree of danger.' *Giles v. Voiles,* 144 Ga. 853 (1), 855 (88 SE 207); *Central R. Co. v. Ryles,* 84 Ga. 420 (11 SE 499); *Central of Ga. R. Co. v. Hartley,* 25 Ga. App. 110 (6) (103 SE 259); *Fincher v. Davis,* 27 Ga. App. 494 (4) (108 SE 905). But whatever the driver's duty, in the exercise of the ordinary diligence required by law, may be as to manifesting especial alertness and precautions, when traversing a frequented city street, in anticipating and detecting the presence of pedestrians and avoiding injury to them, it is for the jury to apply the unvarying standard of ordinary care to the facts and

exigencies of each particular case; and it would have been erroneous to charge in effect that an automobile driver must exercise extraordinary care in any such particular exigency. *Giles v. Voiles,* supra." *Davies v. West Lumber Co.,* 32 Ga. App. 460 (1) (123 SE 757). See also *Heiber v. Watt,* 119 Ga. App. 5, 10 (165 SE2d 899); *Kennedy v. Banks,* 119 Ga. App. 831, 832 (169 SE2d 180). From these decisions and those cited therein, it is apparent that it is for the jury to determine from all the facts and circumstances the precautions necessary to meet the standard of ordinary care. It is for the jury to determine whether specific stated circumstances require the exercise of additional care and prudence, and it is error for the trial judge to instruct the jury that under certain stated circumstances, greater care and prudence is required in order to meet the standard set by the law.

9. Error is enumerated on the following charges: "If you find from the evidence that Mr. Wright had as much knowledge of the conditions of visibility existing at the crossing as the railroad had, he would be held to as high a degree of care for his own safety, in that regard, as the railroad." The error asserted is that the evidence fails to authorize a finding that Mr. Wright had such knowledge. With that we agree. Numerous elements, including rain and some fog, a curve in the tracks, and permanent and temporary obstructions to the view were involved. The evidence fails to show that the knowledge of Mr. Wright was equal to the knowledge of the railroad in all these particulars.

10. The evidence was sufficient to authorize a verdict against this appellant and there was no error in overruling the motion for a judgment notwithstanding the verdict or the general grounds of the motion for new trial; however, the judgment must be reversed for the reasons heretofore given.

*Judgment reversed in both cases. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED JANUARY 9, 1970—DECIDED JULY 2, 1970—
REHEARING DENIED JULY 21, 1970—

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Randall L. Hughes,* for Wright.

*Matthews, Maddox, Walton & Smith, James D. Maddox, Ed-*

*wards, Bentley, Awtrey & Parker, Scott S. Edwards, Jr.,* for Southern Railway.

*G. Robert Howard, Raymond M. Reed,* for Dilbeck.

EBERHARDT, Judge, concurring. While I concur in the judgment of reversal, and am in agreement with the holding in other divisions of the opinion, I do not join in all that is said in Divisions 5, 8 and 12 of that portion of the opinion dealing with the appeal of Southern Railway Company. Concerning Division 9 of the opinion in the Wright appeal, it seems to me that there was some evidence which would have authorized the jury to find equal knowledge on Mr. Wright's part—though it would not have demanded it—and that the charge was authorized as given.